[No. 18201.　Department One.—March 7, 1894.]

## J. B. SUTTON, APPELLANT, *v.* JACOB STEPHAN, RESPONDENT.

APPEAL—REVIEW OF MOTION TO STRIKE OUT.—Where an appeal is taken from a final judgment on the judgment-roll without any statement or bill of exceptions, an order denying a motion to strike out parts of defendant's answer cannot be considered.

ID.—JUDGMENT-ROLL.—A motion to strike out parts of pleading and an order denying the same constitute no part of the judgment-roll.

AGISTOR'S LIEN.—The keeper of a livery and feed stable has a lien upon a horse, buggy, and harness left in the stable, on account of his feed and care of same.

CI. CAL.—35

ID.—WAIVER OF LIEN—REFUSAL TO STATE AMOUNT DUE.—Although retention of possession upon any ground inconsistent with a lien usually amounts to a waiver of the lien, a stable-keeper does waive his lien upon a horse and buggy in his possession by failure upon demand to give a full and itemized account of all claims and charges, and to state the amount of his lien.

ID.—REMEDY OF OWNER—CLAIM AND DELIVERY.—The owner must redeem from the lien in accordance with the provisions of section 2905 of the Civil Code, or bring an action to redeem from the lien, and cannot bring an action in claim and delivery, having no right to the immediate possession of the property.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion.

*E. T. Hogan*, for Appellant.

The action of claim and delivery is proper under section 3051 of the Civil Code, even when there has been a conversion or other wrongful act amounting to a conversion on the part of the defendant. (*Rogers* v. *Huie*, 2 Cal. 571; 56 Am. Dec. 363.) If a lien be claimed by defendant the same can be adjusted in an action of claim and delivery, and thus put an end to litigation. This action lies for all goods and chattels unlawfully obtained, provided plaintiff has the right to the possession. (*Lazard* v. *Wheeler*, 22 Cal. 139.) The defendant's answer is defective in that it does not set up his claim of lien, together with an itemized account and an allegation as to his willingness to surrender the possession of the property. (2 Estee's Pleadings, 1st ed., 899, 900, forms 754, 755; 2 Boone's Code Pleading, 100, 101, forms 140, 141.)

*Goodwin & Goodwin*, for Respondent.

Plaintiff has incorporated into the transcript a motion to strike out portions of the answer, and the court's ruling thereon, but not having incorporated it in a bill of exceptions it is no part of the judgment-roll, and is not therefore before the court. (*Douglas* v. *Dakin*, 46 Cal. 51.) Defendant had a lien upon the property in

question for its care and maintenance. (Civ. Code, sec. 3051.) Plaintiff could have discharged this lien by paying, or offering to pay, the sum due. (Civ. Code, sec. 2905.) The plaintiff had the right to discharge the lien at any time. (Civ. Code, sec. 2903.) Until he did so, possession of the property by defendant was necessary to preserve his lien. (Civ. Code, sec. 2912.) Any payment by plaintiff less than the whole amount due defendant would not satisfy the lien, nor lessen defendant's right to possess all of the property. (Civ. Code, sec. 2912.)

SEARLS, C.—This is an action in claim and delivery. Defendant justified his right to retain possession of the property demanded (a horse, buggy, harness, etc.) as the keeper of a livery and feed stable, with whom the property had been left by plaintiff to be fed and cared for, and claimed as due him on account of such feed and care the sum of three hundred and fifty-nine dollars and seventy-five cents, for which sum he claimed a lien upon the property in his possession.

The cause was tried by the court, and written findings filed in favor of defendant, upon which judgment was entered for costs of suit.

The appeal is from the final judgment, and the cause comes up on the judgment-roll, without any statement or bill of exceptions.

The record as presented contains a motion to strike out portions of defendant's answer, and what purports to be an order of the court denying such motion.

These proceedings constitute no part of the judgment-roll, and not being embodied in any statement or bill of exceptions cannot be considered.

The only question in the case which we can consider arises upon the findings of the court to the effect that on the twenty-second day of November, 1892, plaintiff demanded possession of the horse and buggy; that defendant refused to deliver them; that thereupon plaintiff demanded of defendant a full and itemized account of all claims and charges for which the said defendant

claimed to hold said goods and chattels, and to state the amount of his lien, and that defendant neglected and refused to render any account to plaintiff, or state the amount of his lien, or to surrender the property to plaintiff.

The contention of appellant is that these refusals on the part of the defendant entitled him to recover possession of the property.

There are various methods by which equitable and statutory liens may be waived. Thus, where one having a lien does not disclose it when the owner demands the property, but claims to be himself the owner, he is estopped from setting up a lien in defense of an action to recover possession by the owner. (*Maynard* v. *Anderson*, 54 N. Y. 641.)

Retention upon any ground inconsistent with a lien usually amounts to a waiver. (Jones on Liens, sec. 1019.) Other cases might be specified in which the lien would be lost. But in the present instance, it would seem to have been the duty of plaintiff to have redeemed from the lien in accordance with the provisions of section 2905 of the Civil Code, or he might have brought an action to redeem from the lien.

The action in claim and delivery is only proper where the plaintiff has a right to the immediate possession of the personal property. This he cannot have in a case where another has a lien thereon dependent upon possession, and is in actual possession.

In New York, and perhaps in some other states, persons keeping any animals at livery or pasture are given a lien only upon giving to the owner in writing notice that a lien will be claimed, and the amount of the charges for which such lien is claimed.

Where such statutes prevail a compliance with their provisions is of course necessary to the validity of the lien. Our law contains no such provisions, and while it would be eminently proper to amend our code so as to require parties claiming specific liens upon personal property dependent upon possession, to give upon rea-

sonable demand a specification of the amount or sum claimed to be due and for which the lien is claimed, under penalty of a waiver of the lien for refusal, it cannot be said that such is the law in this state.

The judgment appealed from should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.