[Civ. No. 5312.   Second Appellate District, Division One.—January 4, 1929.]

HELEN WARWICK, Respondent, v. CONO MACCHI-AROLI, Appellant.

Andrew J. Copp, Jr., for Appellant.

E. O. Leake for Respondent.

CONREY, P. J.—The plaintiff brought this action to recover damages for conversion of certain personal property of plaintiff by the defendants Macchiaroli and Mrs. Brooke. The appeal from the judgment is by Macchiaroli alone.

The facts hereinafter set forth are either established without conflict, or, where the evidence is conflicting, are stated most strongly in favor of respondent.   In June, 1924, respondent was in possession of an apartment house in the city of Los Angeles under a lease which had been made by appellant, who owned the real property only.   This lease had been made by appellant to one Tolleson, and had passed by various transfers to the respondent Warwick.   Defendant Mrs. Brooke had been one of the intermediate owners of the lease.   At the time of the transactions now in question, respondent owned the furnishings of the house, subject to a mortgage owned by defendant Mrs. Brooke, and on the mortgage indebtedness there was money due and unpaid.

The terms of the lease are not in the record. The lease was offered in evidence, but was excluded upon the ground, as stated in the objections of respondent's counsel, that the leasehold interest in the premises was not in controversy in this action. All parties are in agreement, however, that respondent was in possession of the premises, and of the furnishings as hereinbefore stated, and that respondent was in default both on the rent and on account of the mortgage indebtedness. On June 14th appellant served upon respondent a notice which we may properly assume was the usual three days' notice to pay rent or vacate the rented premises. Respondent in her testimony admitted that the notice was served, and no question has been raised about its sufficiency.

Respondent neither paid the rent nor vacated the premises. On the morning of June 19th appellant came to the premises. As to what occurred then, respondent says that she "just spoke to him; not a conversation." Soon after noon she went away and did not return until evening. At the time of her departure appellant was watering the lawn. During the afternoon, and in the absence of respondent, appellant accepted from Mrs. Brooke the amount of the rent due, and left her in possession of the premises. Nothing was said or done about the personal property of respondent, except that a trunk and suitcase and some clothing of repondent were put outside of the house by appellant. Those articles were not part of the property involved in the alleged conversion. In the course of the evening, respondent came back to the house and found the door locked, and Mrs. Brooke spoke to respondent through the window and stated that she could not let respondent in. Respondent called again once or twice at those premises. She testified: "I went back the following Friday for all my goods—the next Friday night I went back for the rest of them. I took the first portion on the Friday night and they put out the rest on Saturday." Evidently the word "goods" in the foregoing answer does not include the furniture or furnishings of the house, as respondent testified that those never were turned over to her.

It appears that subsequently Mrs. Brooke sold to a third party the personal property, conversion of which is the subject of this action. There is no evidence that appellant had anything to do with Mrs. Brooke's continued possession of

the personal property, or with her sale thereof, unless it can be maintained that he had no right to deliver the premises into the possession of Mrs. Brooke without first removing the said personal property. In this connection it must be remembered that Mrs. Brooke knew and understood the interest of respondent in the furniture of the house, and that appellant did not undertake to transfer to Mrs. Brooke any interest in any personal property. Therefore, as to appellant, the case is not one in which a party is to be held liable as for a conversion, because he unlawfully sold and conveyed to a third person the property of another.

It must be conceded that appellant as landlord of the defaulting tenant, after service of the three days' notice and after expiration of that time, had acquired the right of possession of the leased premises. On the other hand, it may be that he was guilty of forcible entry in taking possession thereof in the manner that he did, and that by taking the proper steps Mrs. Warwick might have recovered possession in an action of forcible entry or forcible detainer. (*California Products, Inc.*, v. *Mitchell*, 52 Cal. App. 312 [198 Pac. 646].) This, however, she did not elect to do, but seems to have confined herself to an action relating to the personal property. In this action, as indicated above, respondent insisted, and the court held, that the subject of the leasehold interest was not involved. Therefore the judgment against appellant, if sustained at all, must rest entirely upon his conduct in relation to the personal property, and in determining the legal results of that conduct we must follow respondent and the trial court in excluding from consideration all questions affecting appellant's right of possession of the real property.

We find, then, that appellant was in actual possession of leased property owned by him, after default by his tenant in the payment of rent, and after appellant by proper steps had acquired the right of possession. In the house there were the "furnishings," which were personal property of respondent. By these circumstances appellant became an involuntary bailee of respondent's property. When Mrs. Brooke went into possession of the house, she likewise, with equal notice of respondent's rights in relation to the personal property, became involuntary bailee thereof. Since there is no appeal by defendants Brooke, it may be

assumed without question that Mrs. Brooke was guilty of conversion of respondent's property, when she sold it to other parties. But there is no evidence that appellant had anything to do with that sale, or that he did anything to interfere with any interest of respondent in that property. We think, therefore, that the evidence does not sustain the finding of the court that appellant interfered with the dominion of respondent over her property, or with her possession thereof. Appellant was making no claim against respondent concerning respondent's rights in that property, and appellant did not, by any word or act, take part in any act of conversion of the property by Mrs. Brooke. His acts had relation to the realty alone, and under the record before us they cannot be extended so as to include the personal property.

The judgment against appellant is reversed. Finding III is amended by striking therefrom all reference to appellant, and this court now finds that the defendant Macchiaroli did not do or perform any of the acts of conversion described in said Finding III. Finding VII is amended by striking therefrom the following: "The court further finds that it is true that defendant Cono Macchiaroli on or about the said 19th day of June, 1924, made demand upon plaintiff for the payment of the rental of said premises," and by substituting for the words so stricken out the following: "The court further finds that on the 14th day of June, 1924, the plaintiff being then in default by nonpayment of rent due to defendant Macchiaroli on account of the lease of said apartment house premises, the defendant Macchiaroli duly served upon plaintiff a three days' notice in writing requiring payment of the rent, stating the amount due, or possession of the property; but plaintiff did not pay the rent or surrender possession of the premises, but, on the contrary, plaintiff on said 19th day of June, 1924, continued in possession of said premises without the owner's consent and without payment of the rent."

It is directed that, upon the findings as thus amended, judgment be entered in favor of appellant.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 2, 1929.