[L. A. No. 15810. In Bank.—September 15, 1936.]

PAUL K. HOME, as Trustee, etc., Respondent, v. NATHAN KRAMER et al., Defendants; FRANK GORBACH, Appellant.

Mark F. Jones and W. L. Engelhardt for Appellant.

Craig & Weller, Thomas S. Tobin and Charles A. Deffebach for Respondent.

WASTE, C. J.—The defendant Gorbach leased to one Kramer certain market premises. Among other stipulations in the lease, it was provided that any fixtures, or equity therein, placed on the premises by the lessee, or subtenant, or any fixtures on the property on the date of the execution of the lease, should become and constitute additional security for the faithful performance of the lease. On the date of the execution of the lease, Kramer sublet a portion of the premises to one Krantman, who, in turn, permitted the K. & G. Markets, Inc., to occupy the property and take possession of the fixtures. Subsequently, the K. & G. Markets, Inc., was adjudicated a bankrupt, and this plaintiff was appointed trustee in bankruptcy of the company.

Thereafter, Gorbach, with knowledge of the appointment of plaintiff as such trustee, executed a bill of sale of the fixtures located on the leased premises to Walter H. Sage, who, through purchase from defendant Gorbach, had become

the owner of the real property. Sage was fully advised by Gorbach that the plaintiff, as trustee in bankruptcy, claimed to be the owner of the fixtures referred to in the lease from Gorbach to Kramer. The trustee in bankruptcy, as plaintiff, instituted this action against Gorbach and Sage, under the provisions of the Federal Bankruptcy Act, to set aside the bill of sale of the fixtures from Gorbach to Sage, and for the value of the fixtures. After a jury trial, judgment for the plaintiff was entered against defendant Gorbach, who has appealed, claiming his acts did not amount to a conversion of the fixtures.

■ Appellant contends that the execution of the bill of sale by him to Sage did not constitute a conversion for the reason it was given with full recognition of the plaintiff's title, and amounted only to a quitclaim of any interest defendant might have, in view of the claim of plaintiff. It clearly appears from the record, through a somewhat extended correspondence between the defendant and the purchaser of the real estate, that it was known to the purchaser that the fixtures were claimed by the plaintiff as trustee in bankruptcy. From this correspondence it further appears that the bill of sale of the fixtures was executed by defendant and received by the purchaser, already owner, of the realty after inspection of the premises by him, and after interviewing the bankrupt, who was still in possession of the premises and fixtures. The purchaser acknowledged in the correspondence that he knew that litigation over the possession of the fixtures was impending; that he would "not look" to defendant "to warrant or defend title to the market fixtures . . . the . purpose of the bill of sale [being] to convey to [him] such title as may rest in you [defendant], . . . and you are not to suffer any further expense in connection therewith". The fixtures were not at any time moved from the premises, and were in position on the premises at the time of the trial. They have been, and now are, in the possession of the plaintiff as much as at any time during the entire transaction.

Conversion is a tort, and to establish it there must be a tortious act. (*Steele* v. *Marsicano*, 102 Cal. 666 [36 Pac. 920].) On the facts here appearing we fail to find any positive or tortious acts amounting to a conversion. The possession of the property has not been changed by any act

of the defendant. There was not a sale of the fixtures in defiance of the claim of plaintiff, if any he had. The defendant had sold the real estate and the building on it. Thereafter, and with full understanding on the part of the purchaser, who had become the owner of·the building and the realty, he, by the bill of sale, quitclaimed to the same person, subject to the claim now asserted by the plaintiff, whatever claim of ownership he might have. That was not conversion. (*Williams & Sons* v. *Melendez, Gano & Faye*, 141 Va. 370 [127 S. E. 82]; 65 Cor. Jur., p. 37.) ▮ In our view, this act did not carry the elements of a sale. We do not find in the transaction any denial of, or act inconsistent with, the claim of plaintiff. There was no assertion of right or title hostile to the right or claim of plaintiff.

Other points are raised by appellant, but, as we are of the view that the acts of defendant Gorbach did not amount to a conversion, we deem it unnecessary to give further consideration to the cause.

The judgment is reversed.

Shenk, J., Seawell, J., Curtis, J., Langdon, J., and Thompson, J., concurred.