[Civ. No. 8638.   Third Dist.   Feb. 21, 1956.]

RAYMOND J. BUSH et al., Appellants, v. ELWIN LANE et al., Respondents.

Broaddus & Golden and Wilmer W. Morse for Appellants.

Preston, Falk & Johnson and Thomas F. Cleland for Respondents.

PEEK, J.—By their second amended complaint plaintiffs sought to recover from defendants the value of goods sold and delivered to defendants.   Following a hearing before the court sitting without a jury, judgment was entered in favor of defendants.   Plaintiffs' motion for a new trial was denied, and they now appeal.   It is our conclusion that the judgment and order must be sustained.

The record shows that defendants, by a contract of sale, sold to plaintiffs certain real property known as Lane's Riverdale Resort.   As a part of the transaction, plaintiffs executed a quitclaim deed to defendants which, together with

other documents, was deposited with a bank as escrow holder. Plaintiffs took possession of the premises in February, 1950, bringing with them various items of personal property. They made payments under the contract until November 1, 1951, when the last payment was made. On December 22, 1951, they closed the resort for the winter, left and returned on January 8, 1952. Immediately thereafter they left for Seattle where they stayed until April when they received word that defendants were repossessing the premises. The quitclaim deed previously mentioned was recorded on April 7, 1952. On the following day defendants entered the premises after obtaining a key from plaintiffs' caretaker and began the taking of an inventory of plaintiffs' personal property then on the premises. On April 10 defendants, through their attorneys, mailed a letter to plaintiffs at the resort address which stated in part that plaintiffs' personal property at the resort would be held for them without expense if claimed before April 19, but if plaintiffs failed to remove such effects before the 19th, they would be delivered into the possession of the defendant Nix for packing and transporting to his warehouse at plaintiffs' expense. In accordance with instructions plaintiffs had left with a friend, the letter was forwarded to their attorneys on April 14. Plaintiffs returned on April 17 and without further contact with defendants immediately filed an action for forcible entry against them. That evening plaintiffs called on defendants and demanded the property— whether the realty or personalty does not clearly appear. Assuming that it was the personalty, there is testimony that they could not take it with them at that time. Defendants testified that they did not refuse to deliver the property but only requested that the same be taken in an orderly fashion. On April 18 defendants inspected the storage facilities of defendant Nix, and two days later plaintiffs' goods were stored with him. Thereafter, on July 31, plaintiffs filed the present action.

It is plaintiffs' contention that the evidence established a conversion of their goods by defendants as a matter of law. This the defendants deny and contend in support of the judgment that since their removal of the goods to the warehouse was without intent either to assume control over or to deprive the plaintiffs of their possession of the goods, it could not be a conversion; or if it could be said that the failure of plaintiffs to remove the goods and their charging defendants with responsibility for the property made defend-

ants involuntary bailees for hire, then their acts were strictly in accordance with Civil Code, section 1503.

Although at the trial plaintiffs made no claim to the realty, they now so contend.

We conclude, as did the trial court, that there is no evidence that defendants reentered without right. There is no evidence that the quitclaim deed was improperly delivered to defendants or improperly recorded. Additionally it should be noted that prior to filing their second amended complaint in the present action, plaintiffs voluntarily dismissed their action of forcible entry against defendants.

Under such circumstances our courts · have held that ". . . one rightfully in possession of real property who removes to a warehouse or other place, chattels found on it belonging to another, does not assert ownership or control over them to the extent of making him liable for conversion." (*Zaslow* v. *Kroenert*, 29 Cal.2d 541, 550-551 [176 P.2d 1]. See also 131 A.L.R. 173, and cases cited therein; Prosser on Torts, pp. 102, 103.)

"To establish a conversion, it is incumbent upon the plaintiff to show an intention or purpose to convert the goods and to exercise ownership over them, or to prevent the owner from taking possession of his property." (29 Cal.2d 550.) Here the trial court found upon ample evidence that the defendants neither asserted a dominion over the goods of plaintiffs nor prevented them from taking possession of their property. It necessarily follows that the facts amply support the findings of the court that defendants were not converters of plaintiffs' property.

Furthermore, as regards the defendant Nix, it is the rule that ". . . one who merely receives the goods for storage or transportation, in ignorance of the fact that they are lost or stolen, does not thereby become a converter, because there is no assertion of an adverse dominion." (Prosser on Torts, p. 103, and cases cited therein.)

Plaintiffs' next contention, that the trial court erred in refusing to admit the testimony of an attorney relative to a telephone conversation he had with the defendant Nix in the presence of plaintiffs, is also without merit. Whether under the facts it was or was not a privileged communication under subsection 2 of section 1881, Code of Civil Procedure, appears entirely immaterial. The substance of the conversation was set forth in an affidavit in support of plaintiffs' motion for a new trial. We are entirely in accord with the

observation of the trial court in its order denying the same. The content of the affidavit could in no way have affected the final outcome of the trial, and hence the court could not have erred in its exclusion.

Also without merit is plaintiffs' final contention that the trial court also erred in refusing to admit testimony of Mrs. Bush concerning certain remarks made by her to plaintiffs. The substance of the conversation was immaterial in any event and hence it cannot be said that the court erred in refusing to accept the same.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied March 22, 1956, and appellants' petition for a hearing by the Supreme Court was denied April 18, 1956.