[Civ. No. 8638.   Third Dist.   Nov. 28, 1956.]

RAYMOND J. BUSH et al., Appellants, v. ELWIN LANE et al., Respondents.

Broaddus & Golden and Wilmer W. Morse for Appellants.

Preston, Falk & Johnson and Thomas F. Cleland for Respondents.

VAN DYKE, P. J.—After this court's decision on appeal herein (see *Bush* v. *Lane,* 139 Cal.App.2d 376 [293 P.2d 465]) appellants moved the court to recall its remittitur

(Rules on Appeal, rule 25(d)), upon the ground that our affirmance was the product of fraud, mistake and inadvertence. The principles governing the recall of remittiturs were stated in *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623 [241 P.2d 985]. (See also *Davis* v. *Basalt Rock Co.,* 114 Cal.App.2d 300 [250 P.2d 254].) In support of their motion, appellants have filed affidavits and have also referred this court to the record on appeal. Their contentions may be stated as follows: The judgment of the trial court and the decision of this court affirming that judgment were essentially based upon an implied determination by the trial court that respondents had, for alleged breach, terminated a contract whereby they had agreed to sell to appellants, and had placed appellants in the possession of, certain real property. Having resumed possession of the property, respondents caused certain goods of the appellants to be moved from the premises and stored at appellants' charge and expense. Notwithstanding appellants' contentions to the contrary, the trial court held that these actions of respondents had not amounted to conversion of goods as claimed by appellants. After this court had affirmed that judgment, appellants, accepting and relying upon this adjudication that respondents had terminated the contract for breach, filed a second action to recover a money judgment against respondents on the basis of unjust enrichment flowing from the termination of the contract. In their pleadings in the second action respondents took the position they had not terminated the contract but had only gone into possession for the purpose of preserving the property because appellants had abandoned the premises, leaving the improvements and the personal property of the respondents therein unprotected. By these pleadings respondents had further sought specific enforcement of the contract. On the trial of the second action respondents took the stand as witnesses and testified in proof of the foregoing allegations as to the conditions under which they had resumed possession and as to their intent in doing so; that this testimony was directly contrary to that which they had given in the first trial. The trial of the second action has not been completed and the same is still pending in the trial court; nevertheless respondents are therein seeking to disregard the legal position they had assumed in the first trial, and to falsify their prior testimony.

There is nothing presented to this court in support of this motion that justifies an order recalling remittitur. As

matters now stand, there has been an adjudication by the trial court, affirmed by this court, that respondents were not guilty of converting the goods of appellants. We may assume that inferentially the trial court determined that appellants had breached their contract; that for that breach respondents had terminated the same and by virtue of the right thus arising had rightfully gone into possession of the property and stored the appellants' goods. We may further assume, as asserted by appellants, that respondents are now seeking to falsely and fraudulently escape from the predicament they find themselves in when sued for the fruits of unjust enrichment. That situation, if it exists, confers on us no jurisdiction on the showing here made to recall our remittitur. We cannot assume that appellants have failed to present these matters to the trial court in the second action. We cannot assume that the trial court will be led into permitting the respondents to assume these contradictory positions and thereby establish a defense in the second suit. On the contrary, we assume that whatever validity there may be in the contentions of appellants, they will have their full and proper effect in the trial court when it determines the second action. In saying this, we do not intend to intimate how that court should decide that action. There may be good reasons, unrelated to matters herein discussed, why a successful defense can be proved therein. And, conversely, appellants may prevail in that action. But speaking to the existing situation, we are not triers of fact. We cannot on the record of the first case and the affidavits in support of this motion decide as to when respondents told the truth. In that sense this motion is premature.

The motion for recall of remittitur is denied.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied December 27, 1956, and appellants' petition for a hearing by the Supreme Court was denied January 23, 1957.