[Civ. No. 18157.   First Dist., Div. Two.   Feb. 17, 1959.]

HERBERT H. KERTZ, Respondent, v. SAM M. PARIS et al., Appellants.

68

Robert O. Wilhelm for Appellants.

Ropers & Majeski, Robert F. Kane and Stanley W. Black-field for Respondent.

KAUFMAN, P. J.—Respondent Kertz instituted this action to foreclose a chattel mortgage on appellants' property. Appellants filed a cross-complaint, which admitted a debt of $10,625.79 owed to the respondent, alleged that respondent committed an act of conversion by transferring property of the appellants of the reasonable value of $14,500, without sale or permission, and asked for damages in the amount of $3,874.21, the difference between the debt and the reasonable value of the property.

This appeal is taken from a judgment rendered on a jury verdict in the action for conversion. The contentions on appeal are that the evidence established a conversion of appellants' chattels by the respondent as a matter of law and that appellants were seriously prejudiced by the failure of the trial court to give certain requested instructions to the jury.

The facts which are not in dispute are as follows: From

1953 until 1956, appellants occupied respondent's building in Redwood City under a lease for a term of 10 years at a monthly rental of $300. Appellants operated a cleaning business and owned all of the fixtures, personal property, and equipment used in the operation of the business. On August 10, 1954, appellants executed a promissory note to the respondent. On the same date, appellants executed a chattel mortgage, securing the note and the lease on the building. The respondent recorded the mortgage. On October 1, 1956, appellants quit the premises pursuant to a written three day notice to pay rent or quit, personally served on them. The personal property belonging to appellants and listed on the chattel mortgage remained in the building.

In October 1956, two new tenants, McLennon and Rosenstack went into possession of respondent's building as tenants from month to month. They paid no rent until February 1957, when they began to pay a monthly rental of $300. McLennon and Rosenstack used appellants' chattels and kept them in repair. Appellants made no demand on respondent for return of the chattels, and did not demand that McLennon and Rosenstack cease using the chattels. Respondent never claimed to own appellants' property, but advised his new tenants that appellants were the owners of the chattels, and instituted this action to foreclose the chattel mortgage.

In October 1956, McLennon and Rosenstack personally sold and disposed of a pressing machine and an extractor upon being ordered to do so by the fire marshal. These items were sold for junk and the proceeds of the sale went to McLennon and Rosenstack. Appellant Sam Paris testified that the extractor and pressing machine were in storage on the premises and had not been a part of the active laundry plant for at least 18 to 22 months.

The first question is whether the use of appellants' chattels by respondent's tenants constituted conversion as a matter of law. After appellants' default, respondent, by proper steps, acquired the right of possession of the leased premises, in accordance with the terms of the lease. As pointed out above, respondent advised his new tenants that appellants were the owners of the chattels in the building. ██ Where the original possession is lawfully obtained, or there is an acknowledgment of the mortgagor's interest, the dominion exercised by the mortgagee is not unlawful and thus not a conversion. (*Home* v. *Kramer*, 7 Cal.2d 361 [60 P.2d 854] ; *Bush* v. *Lane*, 139 Cal.App.2d 376 [293 P.2d 465].) ██ Damages against

a lessor for the alleged conversion of the lessee's property are properly refused where it appears that the property remains on the premises and lessee has not been refused its possession. (*Pehau* v. *Stewart*, 112 Cal.App.2d 90 [245 P.2d 692].)

Both appellants' witness and respondent's witness testified that it was better to keep the equipment in operation than to permit it to remain idle. The evidence indicated that as a result of the McLennon and Rosenstack's care and repair of the appellants' chattels, they were in 25 to 50 per cent better condition at the time of the trial than they were after appellants left them.

A chattel mortgagee in possession after default may act to protect his rights under the lien. An act done to preserve and protect property in order that it may remain subject to the lien, and which is equally beneficial to those having subordinate rights, and not in antagonism thereto, is not a wrongful conversion within the meaning of Civil Code, section 2910. (*Sutton* v. *Stephan*, 101 Cal. 545 [36 P. 106]; *Summerville* v. *Stockton Mill. Co.*, 142 Cal. 529 [79 P. 243].) It follows therefore that the use of appellants' chattels by respondent's tenants, McLennon and Rosenstack was not conversion by respondent as a matter of law, and that the evidence amply supports the verdict on this issue.

The second question is whether the sale of the extractor and pressing machine by respondent's tenants, constitutes conversion by the respondent as a matter of law. Respondent testified that he did not sell these items or authorize their sale. The testimony of McLennon and Rosenstack is to the same effect. There is no evidence to the contrary. Respondent had the right to relet the premises, and the fact that he did so, inures to the benefit of the appellants who would otherwise remain liable for the rent due.

In a very similar case, it has been held that a lessor who secures possession of the leased premises upon default by the lessee in payment of rent, and transfers possession of the premises to one who takes and holds with notice and knowledge of lessee's rights in the furnishings, is not liable to the lessee for a tortious conversion of the furnishings by the transferee, in the absence of a showing that the lessor participated in the conversion. (*Warwick* v. *Macchiaroli*, 96 Cal.App. 133 [273 P. 1109].) Nor can it be said as a matter of law that the sale of the extractor and pressing machine which had been lying idle constituted conversion of the remainder of the chattels by the respondent. (*Horn* v. *Klatt*, 65 Cal.App.2d 510

[151 P.2d 149].) We can only conclude therefore that the result reached by the jury was the correct one and amply supported by the evidence.

It is not necessary to consider in detail appellants' various contentions relating to the court's refusal to give certain requested instructions to the jury. After a careful perusal of all of the instructions given, we conclude that the court fully and fairly instructed the jury.

In view of the foregoing the judgment must be affirmed.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.