35 Cal.Rptr.3d 684 (2005)
133 Cal.App.4th 1572
GREKA INTEGRATED, INC., Plaintiff and Appellant,
v.
Gary LOWREY, Defendant and Respondent.
No. B179572.
Court of Appeal, Second District, Division Six.
November 15, 2005.
*686 Jeffrey B. Valle, Steven M. Ragona; Valle & Associates, for Appellant.
Gary R. Ricks, Brigham J. Ricks, Santa Barbara; Ricks & Associates, for Respondent.
YEGAN, J.
Greka Integrated, Inc. sued a former employee, Gary Lowrey, for breach of contract and conversion. Lowrey moved to *687 strike the complaint pursuant to the anti-SLAPP statute, Code of Civil Procedure section 425.16.[1] The trial court granted the motion, concluding that Greka's causes of action arose out of Lowrey's protected speech and that Greka had not shown a probability of prevailing on the merits. Greka contends the trial court erred because the motion was untimely, its causes of action are not based on protected activities and its claims have at least minimal merit. We affirm.

Facts and Procedural History
Greka owns and operates an integrated oil, gas and refinery business in Santa Maria. In August 2001, it hired Lowrey to work as a safety manager. Before he began work, Lowrey was required to sign a nondisclosure agreement in which he agreed that, ". . . during and after the term of my employment with Greka Energy I shall keep in confidence any proprietary or confidential information of the Company." About a year later Lowrey was unable to continue his employment and took a medical leave of absence. Greka alleges that Lowrey only took with him e-mails and other documents belonging to the company. Greka also alleges that he breached the nondisclosure agreement by disclosing those documents to third parties, including its competitors.
Lowrey contends that he discovered many violations of worker safety and environmental regulations while employed at Greka. He claims he was required to take the medical leave because Greka refused to correct these conditions, causing Lowrey to experience debilitating stress. Lowrey contends he had permission to take the e-mails and other documents home and that he retained them only because he never returned to work. Although Greka later asked him to return some company property that he kept at his house, it never asked for the documents. He contends that he never saw documents marked or treated as confidential or proprietary, and was not privy to Greka's confidential or proprietary information.
After leaving Greka, Lowrey testified at a deposition in Lopez v. Greka Energy, et al. (Super. Ct. Santa Barbara County No. 1090413) (hereafter, Lopez), a personal injury suit filed against Greka by an agricultural worker who was injured in a natural gas explosion at one of Greka's facilities. The Santa Barbara County District Attorney filed criminal charges against two Greka employees for recklessly causing the explosion, and a civil action against Greka itself for violating Health and Safety Code section 42402.3, subdivision (c) in connection with the same incident.[2] The employees pleaded guilty to misdemeanors. Lowrey testified at the trial in the action against Greka. Greka later paid a civil penalty of $200,000 pursuant to a settlement with the County.
The district attorney's office has also investigated Greka in connection with other worker safety and environmental contamination incidents. Lowrey cooperated in these investigations, granting interviews and providing the district attorney with the e-mails and documents he retained after leaving his employment at Greka.
*688 After Greka settled the district attorney's first civil action against it, it became involved in a contractual dispute with its competitor Unocal. Although the Unocal dispute did not involve any safety issues, Lowrey's name appeared on a Unocal witness list. Greka inferred from this circumstance that Lowrey was sharing its confidential information with nongovernmental third parties.
On August 23, 2004, Greka filed its complaint against Lowrey. The complaint alleges two causes of action. First, Greka alleges that Lowrey breached the nondisclosure agreement because he took Greka documents with him when he left his job and "has subsequently disclosed this proprietary and confidential material to numerous third parties." Second, Greka alleges a cause of action for conversion, claiming that Lowrey "took various proprietary and confidential material of Greka and converted the same to his own use."
About three weeks after Greka filed its complaint, the Santa Barbara County District Attorney's Office filed a second civil action against Greka. One cause of action sought to enjoin Greka's suit against Lowrey. Another named Greka's counsel of record as a defendant. Greka filed an ex parte application to stay proceedings in this action, to permit it to retain new counsel. At the hearing on that application, Lowrey served Greka's counsel with the motion to strike pursuant to section 425.16. The trial court granted the ex parte application and stayed proceedings in this action, as well as in the county's action against Greka.
Two days later, on September 24, 2004, the trial court held another ex parte hearing attended by counsel for all parties, including Greka. The trial court "lifted" the stay and, after conferring with all parties, scheduled Lowrey's anti-SLAPP motion to strike for October 26, 2004, without objection by Greka. At that hearing, the trial court granted the motion to strike without leave to amend, finding that the motion was timely, that Greka's causes of action arose out of Lowrey's protected speech, and that Greka had little probability of succeeding on the merits of its claims.

Standard of Review
"The consideration of anti-SLAPP motions is a two-step process. (Navellier v. Sletten (2002) 29 Cal.4th 82, 88, 124 Cal.Rptr.2d 530, 52 P.3d 703.) The first step is to determine whether `the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.' (Ibid.) Only if such showing is made should the court proceed on to the second step, which is to determine whether the plaintiff has demonstrated a probability of prevailing on the claim. (Ibid.; Equilon Enterprises v. Consumer Cause Inc. (2002) 29 Cal.4th 53, 67, 124 Cal.Rptr.2d 507, 52 P.3d 685.)" (Commonwealth Energy Corp. v. Investor Data Exchange, Inc. (2003) 110 Cal.App.4th 26, 31, 1 Cal.Rptr.3d 390.) We independently review both the question of whether Greka's causes of action arise from protected activity and the question of whether Greka has shown a probability of prevailing on the merits. (Gallimore v. State Farm Fire & Casualty Ins. Co. (2002) 102 Cal.App.4th 1388, 1396, 126 Cal.Rptr.2d 560; ComputerXpress Inc. v. Jackson (2001) 93 Cal.App.4th 993, 999, 113 Cal.Rptr.2d 625.)

Timeliness
Greka contends the trial court lacked jurisdiction to grant Lowrey's motion because it was heard more than 30 days after it was served. Section 425.16, subdivision (f) provides that a special motion to strike "shall be noticed for hearing *689 not more than 30 days after service unless the docket conditions of the court require a later hearing." This 30-day deadline is mandatory. (Decker v. U.D. Registry Inc. (2003) 105 Cal.App.4th 1382, 1389, 129 Cal.Rptr.2d 892.) It is not, however, jurisdictional "in the fundamental sense of subject matter jurisdiction or personal jurisdiction. Instead, it is jurisdictional in the sense that it deprives the court of power `to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' (Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 288 [109 P.2d 942].)" (San Ramon Valley Fire Protection Dist. v. Contra Costa County Employees' Retirement Assn. (2004) 125 Cal.App.4th 343, 351, 22 Cal.Rptr.3d 724.) Thus, if the moving defendant does not obtain a timely hearing, or show that the condition of the trial court's docket required a later hearing, then "the trial court must deny the motion." (Fair Political Practices Com'n. v. American Civil Rights Coalition, Inc. (2004) 121 Cal.App.4th 1171, 1175, 18 Cal.Rptr.3d 157.) The timeline is strict because discovery is stayed until the trial court rules on an anti-SLAPP motion to strike. (Id.)
Lowrey personally served the anti-SLAPP motion to strike on September 22, 2004. The hearing on the motion occurred on October 26, 2004, more than 30 days later. As a consequence, Greka now contends the trial court lacked jurisdiction to grant the motion.
Lowrey's counsel selected the admittedly untimely October 26 hearing date, but the trial court stayed proceedings on the same day he filed and served the motion. The stay was entered at Greka's request, to accommodate its need to retain new counsel. When it lifted the stay two days later, the trial court reinstated the original hearing date with Greka's express consent. Thus, the hearing occurred two court days after expiration of the 30-day period established by section 425.16, subdivision (f). We need not and do not decide whether a party, knowing that a matter is set for hearing beyond the 30-day period, may successfully object at the time of the hearing. We hold only that where, as here, a party expressly consents to the untimely hearing date, he has thereafter waived his right to object thereto. (People v. National Automobile & Casualty Ins. Co. (2000) 82 Cal.App.4th 120, 126, 97 Cal.Rptr.2d 858 ["a litigant who has stipulated or otherwise consented to a procedure in excess of jurisdiction may be estopped to question it. . . ."]; Redevelopment Agency v. City of Berkeley (1978) 80 Cal.App.3d 158, 166, 143 Cal.Rptr. 633.) Phrased otherwise, "He who consents to an act is not wronged by it." (Civ.Code, § 3515.)

Protected Activity
Greka contends the motion should have been denied on its merits because Lowrey failed to make a prima facie showing that its causes of action arose out of acts in furtherance of his constitutional right of petition or free speech. (§ 425.16, subd. (b)(1); Equilon Enterprises, LLC. v. Consumer Cause, Inc.(2002) 29 Cal.4th 53, 67-68, 124 Cal.Rptr.2d 507, 52 P.3d 685.) Section 425.16 subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."
Lowrey has the burden to make this prima facie showing. (Gallimore v. State Farm Fire & Casualty Co., supra, *690 102 Cal.App.4th at p. 1396, 126 Cal.Rptr.2d 560.) A cause of action "arises from" protected activity where the act underlying the plaintiff's cause of action, or the act which forms the basis for it was itself an act in furtherance of the right of petition or free speech.[3] (City of Cotati v. Cashman (2002) 29 Cal.4th 69, 78, 124 Cal.Rptr.2d 519, 52 P.3d 695; ComputerXpress Inc. v. Jackson, supra, 93 Cal.App.4th at p. 1001, 113 Cal.Rptr.2d 625.) In deciding whether Lowrey has met the "arising from" requirement, we consider "`the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b).)" (City of Cotati v. Cashman, supra, 29 Cal.4th at p. 79, 124 Cal.Rptr.2d 519, 52 P.3d 695. See also Gallimore, supra, 102 Cal.App.4th at p. 1398, 126 Cal.Rptr.2d 560.)
Greka's complaint does not identify the specific statements or documents disclosed by Lowrey that constitute a breach of the nondisclosure agreement or conversion. In his declaration, Lowrey denied possessing or disclosing any of Greka's confidential information. He also stated that Greka authorized him to take the documents at issue. He stated that he "disclosed information related solely to Greka's non-compliance with law and the identity of those who were informed of this non-compliance of law to[:]" officials at various public agencies; the district attorney; his own attorney; in response to a deposition subpoena in the Lopez matter; and to family and friends to explain why he could no longer work for Greka. In addition, Jerry Lulejian, the deputy district attorney responsible for the County's litigation against Greka, stated that he provided a copy of Lowrey's deposition transcript in the Lopez matter to a newspaper reporter who quoted it in a story published in September 2003. Lowrey also testified in the County's action, in response to a subpoena.
In their opposing declarations, Greka's chief executive officer, Randeep S. Grewal, and its counsel Jeffrey Valle, cite two incidents to support Greka's causes of action. First, in August 2004, Lowrey's name appeared on Unocal's witness list in a lawsuit against Greka that is unrelated to Lowrey's former job duties. Second, in September 2004, an expert witness for Greka's opponent in a collection matter, Santa Maria Refining Company d/b/a/ Greka Energy v. Hanson Aggregates Mid-Pacific Inc. (Super. Ct. Santa Barbara County, No. 1133280)(Hanson), testified that he "had had discussions with former Greka employees . . . whose names he could not recall, who told him negative things about Greka's business practices."
The declarations supporting and opposing the motion to strike demonstrate that Lowrey disclosed information about Greka to his counsel, to authorities and in deposition and trial testimony in response to subpoenas. These are all protected activities. (§ 425.16, subd. (e)(1) (statements made "before a legislative, executive or judicial proceeding or any other official proceeding authorized by law" are protected activity).) Accordingly, Lowrey met his burden to show the complaint arose from protected speech. Greka's declarations do *691 not refute this prima facie case because Greka submitted no evidence that Lowrey was involved in Unocal's decision to place his name on its witness or list, or that Lowrey was one of the employees who spoke to the expert witness in Hanson. Accordingly, we conclude, as did the trial court, that the acts underlying Greka's causes of action against Lowrey were protected speech.
The statements Lowrey made to his family and friends, even if not a "protected activity" under section 425.16, subdivision (e), are not sufficient to refute his prima facie case. Greka's declarations state that it filed the lawsuit not because Lowrey told his family why he was quitting, but because it did not want Lowrey to use the "confidential" documents "as part of a campaign against us in concert with our competitors." Stated differently, Greka "filed this lawsuit against Mr. Lowrey based upon concerns that he was breaching his confidentiality agreement by disclosing Greka's confidential information to Greka's competitors, customers and other third parties." There is no evidence that Lowrey's family or friends are Greka's competitors or customers, or are otherwise capable of exploiting its confidential information. Thus, statements Lowrey may have made to these individuals could not have motivated Greka's complaint and are therefore not relevant to the question of whether the complaint arose out of his protected speech.

Probability of Prevailing
Greka contends the motion to strike should have been denied because it established that it has a probability of prevailing on its claims. "[I]n order to establish the requisite probability of prevailing (§ 425.16, subd. (b)(1)), the plaintiff need only have `"stated and substantiated a legally sufficient claim."' (Briggs v. Eden Council for Hope & Opportunity (1999) 19 Cal.4th 1106, 1121, 81 Cal.Rptr.2d 471, 969 P.2d 564 (Briggs), quoting Rosenthal v. Great Western Fin. Securities Corp. (1996) 14 Cal.4th 394, 412, 58 Cal.Rptr.2d 875, 926 P.2d 1061 (Rosenthal).)" (Navellier v. Sletten (2002) 29 Cal.4th 82, 89, 124 Cal.Rptr.2d 530, 52 P.3d 703.) This requires Greka to make a "prima facie showing of facts which would, if credited, support a judgment in his favor." (Conroy v. Spitzer (1999) 70 Cal.App.4th 1446, 1451, 83 Cal.Rptr.2d 443.)
The trial court concluded that Greka failed to meet its burden of proof. We agree. In making this determination, we again consider the pleadings and the supporting and opposing declarations stating the facts on which the claims are based. (Kyle v. Carmon (1999) 71 Cal.App.4th 901, 907, 84 Cal.Rptr.2d 303.) "The burden on the plaintiff is similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment." (Id.) To preserve the plaintiff's right to a jury trial, our determination of this issue cannot involve a weighing of the evidence. (Wilbanks. v. Wolk (2004) 121 Cal.App.4th 883, 905, 17 Cal.Rptr.3d 497.)
Greka concedes, as it must, that statements Lowrey made to government officials, such as the district attorney or other regulators, are privileged and cannot form the basis for its breach of contract claim. (§ 425.16, subd. (e)(1); Civ.Code, § 47; Hunsucker v. Sunnyvale Hilton Inn (1994) 23 Cal.App.4th 1498, 1503-1504, 28 Cal.Rptr.2d 722.) The only evidence that Lowrey disclosed any information about Greka in any other context is his admission that he told family and friends why he was leaving his job at Greka. Even indulging every legitimate inference from this evidence in favor of Greka, there is no showing that these statements included the disclosure *692 of any confidential or proprietary information. (See, e.g., Tuchscher Dev. Enters., Inc. v. San Diego Unified Port Dist. (2003) 106 Cal.App.4th 1219, 1237-1238, 132 Cal.Rptr.2d 57.) Accordingly, these statements are not sufficient to demonstrate that Greka's breach of contract claim has minimal merit.
Greka's conversion claim fails for similar reasons. This cause of action alleges that Lowrey converted documents owned by Greka by taking them to his home before leaving his job. "`Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages.'" (Farmers Ins. Exchange v. Zerin (1997) 53 Cal.App.4th 445, 451, 61 Cal.Rptr.2d 707.)
Lowrey stated in his declaration that he took the documents home at the direction of Greka's chief executive officer. Greka presented no evidence to the contrary. Accordingly, it fails to make a prima facie showing that Lowrey's possession of the documents is "wrongful." (Id.; Home v. Kramer (1936) 7 Cal.2d 361, 363, 60 P.2d 854; Newhart v. Pierce (1967) 254 Cal.App.2d 783, 792-793, 62 Cal.Rptr. 553.) The trial court correctly concluded that Greka failed to show a probability of prevailing on its cause of action for conversion.

Conclusion
The judgment is affirmed. Lowrey shall recover his costs and reasonable attorney's fees on appeal (Cal. Rules of Court, rule 27; § 425.16), the amount of which shall be determined on noticed motion in the trial court.
We concur: GILBERT, P.J., and COFFEE, J.
NOTES
[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.
[2] Health & Safety Code section 42402.3, subdivision (c) provides: "Any person who willfully and intentionally, or with reckless disregard for the risk of great bodily injury . . . to, or death of, any person, emits an air contaminant . . . that causes great bodily injury, . . . to any person or that causes the death of any person is liable for a civil penalty of not more than two hundred fifty thousand dollars ($250,000). If the violator is a corporation, the maximum penalty may be up to one million dollars ($1,000,000)."
[3] Section 425.16 subdivision (e) establishes four general categories of protected speech and petitioning activity. They include written or oral statements made (1) "before a legislative, executive or judicial proceeding . . . [;]" (2) "in connection with any issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;" (3) in a public forum "in connection with an issue of public interest;" or (4) "any other conduct in furtherance of the exercise" of the constitutional right of petition of free speech "in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)