LAB BRESLOW, APPELLANT, V. CITY OF LINCOLN ET AL., APPELLEES.

FILED FEBRUARY 5, 1932. No. 28120.

*Bruce Fullerton* and *T. R. P. Stocker*, for appellant.

*Flansburg & Lee, Frank A. Peterson, Max Kier, Lloyd E. Chapman* and *John O. Sheldahl*, contra.

Heard before GOSS, C. J., DEAN and PAINE, JJ., and CARTER and RHOADES, District Judges.

PER CURIAM.

Plaintiff sued the city of Lincoln and the Iowa-Nebraska Light & Power Company for damages for the alleged conversion of a light and power line. At the conclusion of the evidence for plaintiff the court directed a verdict for defendants. From judgment thereon the plaintiff appeals.

In 1925 plaintiff, conducting his grain elevator a short distance outside the village of College View, made an arrangement with the village to extend its light and power line to his place of business. The evidence, as contained in the minutes of the village board, shows that the village built the line at a cost of $634.12, of which it agreed to absorb $200 and plaintiff agreed to pay and did pay $434.12. The village agreed to refund to the plaintiff this amount as service charges of $25 each were paid by users connecting with the line. It seems that no such users have connected with the line since it was built. In 1928 the village sold its light and power system to defendant light and power company, and in 1929 the village was consolidated with the city of Lincoln. These defendants, having succeeded to the rights and liabilities of the village as of these dates, were therefore made defendants.

The elevator burned about two years after the light line was extended to it. Plaintiff never since has desired light or power. To preserve them, the transformers were removed and stored. They can be replaced and service can be resumed in a few hours if desired by plaintiff or any new customers on the line.

While it seems clear from the minutes of the village that the title to the line when it was built was in the village, yet, assuming plaintiff was to have title until the service charges refunded the $434.12 he paid the village

to install the line, the evidence does not show that the line has been converted or destroyed by defendants. The defendant light and power company stands ready to put it in operation whenever plaintiff or other customers need it, as contemplated by the agreement under which it was built.

The judgment of the district court is

AFFIRMED.