217 So.2d 738 (1969)
Alvin OGE, Plaintiff and Appellant,
v.
RESOLUTE INSURANCE COMPANY, Defendant and Appellee.
No. 2536.
Court of Appeal of Louisiana, Third Circuit.
January 16, 1969.
*739 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Franklin & Keogh, by Joseph F. Keogh, Baton Rouge, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for benefits due under a collision insurance policy on an automobile, coupled with a demand for damages for the wrongful conversion of the vehicle. Plaintiff is the owner of the automobile. Defendant is the collision insurer. The trial judge awarded plaintiff the value of the automobile, less the deductible under the policy, but denied damages and attorney's fees for the alleged wrongful conversion. Only the plaintiff has appealed.
The issue on appeal is whether there was a wrongful conversion of the automobile by the defendant insurer.
The facts show that plaintiff's 1961 Chevrolet was insured by defendant under a policy issued through the Ville Platte Insurance Agency. On November 27, 1967, the vehicle was involved in a collision and is admittedly a total loss.
At the request of the state police, the vehicle was removed from the scene of the accident to Veillon Motor Company in Ville Platte. Plaintiff notified the Ville Platte Insurance Agency of the accident and, on their request, obtained two repair estimates, showing the car was a total loss. These were forwarded to defendant's agent in Baton Rouge who mailed "Proof of Loss" forms, including a bill of sale for the vehicle, to plaintiff at his last known address. However, plaintiff did not receive these papers because he had moved.
Later plaintiff inquired at the Ville Platte Insurance Agency as to why the claim hadn't been settled. The agency then requested new Proof of Loss forms which offered plaintiff a settlement of $365. Plaintiff did not accept this offer. Instead, he filed the present suit on January 5, 1968.
One of the principal issues at the trial was the value of the automobile at the time of the accident. The district judge found that since the automobile had a new motor recently installed, its value was $800. The deductible under the policy is $75. Hence the trial court award was $725, which includes $84.50 for the value of the salvage. The defendant has not answered the appeal so the value of the car is not at issue.
The alleged wrongful conversion is based on the following facts: After the claim was assigned to an adjuster for the defendant, he was unsuccessful in attempts to contact plaintiff personally. The adjuster did contact Ryder's Garage in Ville Platte, with whom he had previously done business, and had them remove the car to their place of business and verify the fact that it was a total loss. Following their standard procedure in such cases, the adjuster then prepared the Proof of Loss papers, offering the settlement of $365, including the salvage. These were mailed to plaintiff's last known address, but did not reach him.
The adjuster then had the car moved from Ryder's Garage in Ville Platte to Baton Rouge Auto Storage, a concern with whom the defendant had a contract to store automobiles during negotiations for settlement. The defendant explained that the reason for moving the salvage was to save storage costs and protect the damaged vehicle from exposure to the weather and possible theft of parts. Ryder's Garage had no covered storage and not even a fence to *740 protect the car. Defendant acknowledges that plaintiff is still the owner of the vehicle and states that it is willing to deliver it to plaintiff at any time and place he so desires.
In his petition in this suit, plaintiff alleges that the defendant "continues to withhold said vehicle wrongfully and refuses to give up possession of said vehicle." However, the prayer of the petition does not seek the return of the vehicle. There is no evidence that prior to suit plaintiff ever requested the return of the car. But, at the very conclusion of the trial we find the following during testimony by plaintiff:
"BY MR. PRESTON N. AUCOIN, counsel for the plaintiff:
"Q. One question, Alvin, and this is a very important question. Do you want your car back?
"A. Yes sir.
"Q. Tell the Court why you want it back?
"A. I'd like it back because the motor's worth a lot, and the other parts is too, I'd like to have it back.
"Q. You'd like to have it back to sell the parts?
"A. Yes sir.
"Q. And you're requesting ityou're asking for it?
"A. Yes sir."

* * * * * *
"BY MR. JOSEPH KEOGH, counsel for the DEFENDANT:
"Q. Let me ask you one further question on that score. Where do you want the car delivered? The salvage, that is?"
"A. I want it delivered?
"Q. Yes, where do you want that salvage, in your front yard? Just tell me where you want it.
"BY THE COURT:
"Let me tell you this.
"BY MR. JOSEPH KEOGH, (to the Court):
"If he wants it, where will II want to see where * * *
"BY THE COURT:
"I understand that he's entitled to recover the cash value of the present value of the automobile when it was wrecked?
"BY MR. KEOGH:
"Yes sir.
"Continued by the Court:
"Less the $75.00 deduction. Now, I'll determine this value and I'llthe judgment will read like this. Now, whether after judgment is rendered he wants to settle with the Company and arrive at the salvage value, that will be up to you all.
"BY MR. KEOGH:
"If he wants the salvage, we'll give him his salvage if he wants it.
BY THE COURT:
"Well, that's up to you all after the judgment. But I'll render another judgment, that's all.
"BY MR. KEOGH:
"Yes sir."
The judgment does not order the return of the vehicle. Instead, it includes in the award the value of the salvage. Plaintiff requests in the appellate court that the judgment be amended to order the return of the vehicle to plaintiff, at defendant's expense. This we will do.
Under our jurisprudence, conversion is a tort consisting of wrongfully depriving a person of possession of his property. The fault may be either the original wrongful acquisition or the subsequent wrongful detention of possession. But, *741 there must be either a wrongful taking or a wrongful detention. Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957).
The trial judge correctly concluded there was no wrongful taking. Being unable to locate plaintiff to obtain his permission, defendant stored the car in a safe place for the protection of the interests of both parties. Plaintiff knew the car had been moved, yet made no objection. He did not request the return of the car either prior to suit or in his petition. The evidence shows defendant has always stood ready and willing to return the vehicle at its own expense. Under the circumstances, there was implied permission by the plaintiff for defendant to take possession. Hence, there was no wrongful taking. We find no Louisiana cases dealing with the placing of the property of another in storage for preservation and safekeeping. However, the following have held that such action does not necessary constitute a conversion, depending on the circumstances of each case: Breslow v. City of Lincoln, 122 Neb. 895, 240 N.W. 558; Gulf C. & S.F.R. Co. v. Pratt, Tex.Civ.App. 183 S. W. 103; Bush v. Lane, 139 Cal.App.2d 376, 293 P.2d 465.
After defendant stored the vehicle, there was no wrongful detention of possession because plaintiff never did demand its return. Had there been a request by plaintiff for return of the car, even in his petition in this suit, and a refusal thereof by defendant, the law is clear there would have been a wrongful conversion. Draper v. Oppenheimer, 9 Orleans App. 3; Edwards v. Max Thieme Chevrolet Co., La.App., 191 So. 569; 89 C.J.S. Trover & Conversion § 55-62, pages 557-566.
We will accede to plaintiff's request in this court that the judgment appealed be amended to order the return of the vehicle to him. The evidence shows the value of the salvage is the sum of $84.50. Of course, if the vehicle is returned, the value of the salvage must be deducted from the judgment.
For the reasons assigned, the judgment appealed is amended so as to reduce the amount of the award from $725 to the sum of $640.50 and it is ordered that the automobile in question be returned by defendant to plaintiff at defendant's expense. Except as herein amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Amended and affirmed.