CHIASSON, Judge.
This is an appeal of judgments rendered in consolidated actions. In the first action, New York Life Insurance Company and Home Life Insurance Company, appellees, brought an action against Gulf States Utilities, appellant, to recover $13,154.18 the ap-pellees had mistakenly paid the appellant. In the second action, National Life and Accident Insurance Company, appellee, brought an action against Gulf States to recover $6,533.23 paid in mistake. The District Court granted recovery in both actions and Gulf States has appealed.
In July, 1974, the appellees filed foreclosure suits against the mortgagors of the Broadmoor Plantation Apartments. As a result of these suits the three phases of this apartment complex were seized by the Sheriff on July 10 and 11 and First National Mortgage Corporation was appointed custodian.
At the time of the seizure the appellants were owed, on account, $19,687.41 for electric service to the three phases of the complex from May 11, 1974 to July 11, 1974. This account was in the name of LeBlanc Properties. Upon receiving notice of this debt and, prior to the Sheriff’s sale on August 21, 1974, the custodian paid the amount due. It is undisputed that this debt was not the debt of appellees, but the debt of another. The amount paid was deducted from the revenue received after seizure by the custodians as agent for the appellees. It is this payment appellees seek to recover.
*322 The Trial Judge in his Written Reasons for Judgment summarized the evidence as follows:
“Mrs. Carleen Bitter,[1] the manager of the apartments, testified she was told, evidently about July 25th, by Mr. Hereford that the bill was in arrears and that immediate payment was necessary to keep service in effect. She forwarded the bills to First National Mortgage Corporation which had been appointed custodian when the property was seized. She was at some disadvantage since Gary Le-Blanc had taken all records with him. She had no authority in regard to paying the bills.
Russell Foti, vice-president of First National Mortgage Corp., testified that upon his being told of the conversations of Mrs. Bitter with Mr. Hereford and Mrs. McAn-drew he told his superior that the power would be turned off if the bills were not paid, whereupon checks for $1,728.23, $516.61, $4,288.39 and $13,154.18 were paid to Gulf States Utilities for the benefit of the plaintiffs herein. His company never assumed responsibility for the bills incurred prior to July 11th.
Mrs. McAndrew testified that she called Broadmoor Apartments about July 25th in regard to the delinquent account but did not threaten cessation of service.
Van B. Hereford testified he sent a registered letter to LeBlanc Properties (Gulf States-1) threatening discontinuance of service but made no other threat, since there was no need. There was never any discussion as to who owed the bill.”
The Trial Judge also found:
“Furthermore, as was testified to by Mr. Foti, the foreclosures in the Baton Rouge area were unusual. Without research on the point it might well be thought that the custodian and mortgagees would be responsible under the circumstances.”
The Trial Court held that under Civil Code Articles 2302[2] and 2310[3] that the appellees were entitled to recover the payments made in mistake.
The errors assigned by the appellant are:
“1. The Trial Court committed manifest error in holding as a matter of law and fact that the payments were not made to satisfy either a natural or a civil obligation owing by the plaintiffs to Gulf States resulting from the benefits received by plaintiffs.
“2. The Trial Court committed manifest error in finding as a matter of fact and law that the electric bills were paid under mistake and are therefore recoverable by plaintiffs from Gulf States.
“3. The Trial Court erred in failing to hold that the plaintiffs had failed to prove by a preponderance of the evidence that the payments were made under duress.”
A civil obligation is a legal tie, which gives the party, with whom it is contracted, the right of enforcing its performance by law. Civil Code Article 1757. Appellant had no right to force the appellee to pay the debt of LeBlanc Properties. Therefore, payment was not made to satisfy a civil obligation.
A natural obligation is one which can not be enforced by an action, but which is binding on the party who makes it, in conscience and according to natural justice. Civil Code Article 1757. “Natural obligations are, in the first place, duties founded on a juridical cause of a nature sufficient to generate a right to a performance for the *323 benefit of one person and against another.” Aubry & Rau, Droit Civil Franpais, Obligations, 1 Civil Law Translations § 297. Inherent to any natural obligation is a duty sufficient to generate a right of performance. The seizure of the mortgaged property by the appellees did not create a duty to pay the debts of the former owners. Because there was no duty owed the appellant by the appellees the payment was not made to satisfy a natural obligation.
As a corollary to the argument that the appellees are denied a right of recovery because the payments were made to satisfy a natural obligation, the appellant contends that the appellees can not recover their payments because this recovery would be an “unjust enrichment” of the appellees.
“Actions for restitution are predicated on quasi-contractual obligations deriving from the unjust enrichment of the defendant at the expense of the plaintiff. The Louisiana Civil Code, while recognizing the principle of unjust enrichment, has not institutionalized the rules governing restitution. Following the Model of the French Civil Code, the Louisiana Code merely regulates one instance of unjust enrichment, the payment of a thing not due. Article 2301 states that one receiving something not due incurs an obligation to return it, and Article 2302 makes the right of recovery conditional on ‘payment’ through ‘mistake.’ ” Yiannopoulous, 25 Louisiana Law Review 589, 648.
Recovery for “unjust enrichment” is regulated in the present case by Civil Code Article 2301 et seq. The Trial Court found that the evidence showed the payments of the appellees were made in mistake and that under the above articles appellees were entitled to recover their payments.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” Canter v. Koehring Company, La., 283 So.2d 716, 724 (1973). The record contains sufficient evidence to support the Trial Court’s conclusion.
Because the appellees are entitled to recovery of their payments to appellant under the provisions of the Civil Code dealing with payment of a thing not due it is not necessary that this Court determine whether the evidence could support a conclusion that the payments were made under duress.
For the aforegoing reasons the judgments of the District Court in the consolidated actions, namely: “New York Life Insurance Company, Et Al. vs. Gulf States Utilities Company,” No. 10,763, and “National Life and Accident Insurance Company vs. Gulf States Utilities Company,” No. 10,764, are affirmed. Cost to be paid by appellant.
AFFIRMED.

. At the time in question, Mrs. Bitter was acting as manager for the custodian, First National Mortgage Corporation. Prior to to the seizure, she had been manager for LeBlanc Properties.

. Civil Code Article 2302 provides:
“He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.”

.Civil Code Article 2310 provides:
“He who, through mistake has paid the debt of another to whom he believed himself indebted, has a claim to restitution from the creditor. This right ceases, if, in consequence of the payment, the creditor has destroyed or parted with his title; but the recourse still remains to the person paying against the true debtor.”