416 So.2d 207 (1982)
Viola JOHNSON
v.
HOSPITAL AFFILIATES INTERNATIONAL, INC., et al.
No. 14798.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Rehearing Denied July 13, 1982.
*208 Robert E. Tillery, Baton Rouge, for plaintiff-appellant Viola Johnson.
Donald S. Zuber, Baton Rouge, for defendant-appellee Hosp. Affiliates Intern., Inc., and Hosp. Affiliates of Baton Rouge Inc., d/b/a Doctor's Memorial Hosp.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
This is an appeal by plaintiff, Viola Johnson, individually and as administratrix of the estate of David Johnson, from a judgment in favor of defendants, Hospital Affiliates International, Inc. and Hospital Affiliates of Baton Rouge, Inc. d/b/a Doctor's Memorial Hospital, dismissing plaintiff's suit.
Viola Johnson, individually and as administratrix of the estate of David Johnson, sued the defendants, seeking to recover a refund of an overpayment for hospital treatment allegedly due her by Hospital Affiliates International, Inc., and Hospital Affiliates of Baton Rouge, Inc. d/b/a Doctor's Memorial Hospital. The defendants denied any indebtedness to the plaintiff, and assert that they were legally obligated to make the refund to Prudential Insurance Company, which had made the payment, and that they have made such refund to Prudential Insurance Company.
On June 14, 1978, David Johnson, husband of plaintiff, within the course and scope of his employment with Eastern Gas & Fuel Company, d/b/a Port Allen Marine Service, suffered a stroke. Johnson entered Doctor's Memorial Hospital on the same date where he received treatment until his death on July 7, 1978. The total cost of hospital treatment was $7,861.17. On September 6, 1978, Prudential Insurance Company of America, purportedly under the employees' group health insurance policy with Port Allen Marine Service, paid to the hospital, on behalf of David Johnson, the sum of $5,857.00, leaving a balance owed of $2,004.17. Plaintiff, the surviving widow, then made a claim against Port Allen Marine Service and Aetna Casualty & Surety Company for worker's compensation survivor's death benefits. A compromise settlement was judicially approved, under which Aetna was to pay plaintiff the sum of $20,000.00, together with medical expenses of $7,927.26. On December 22, 1978, pursuant to the judgment, Aetna paid to defendants the sum of $7,196.26. When this payment was received by the hospital, the account of David Johnson reflected an overpayment of $5,192.09. Then, on January 2, 1979, the defendants refunded the amount of the overpayment to Prudential. This precipitated the instant suit. As stated above, the trial court rendered judgment in favor of the defendants, which judgment has been appealed. We affirm.
The record establishes that Prudential had written a check to the hospital covering a portion of Johnson's hospital bill. When Aetna made its payment, causing the hospital records to reflect an overpayment, the hospital refunded the overpayment, the sum of $5,192.09 to Prudential, which had paid it.
The Civil Code categorically states, in LSA-C.C. art. 2301:
"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
The evidence shows beyond question that the sum of money involved was received by the hospital from Prudential, not Johnson or his estate, albeit on his behalf. The hospital was obligated to refund it to Prudential. See DeVillier v. Highlands Insurance Company, 389 So.2d 1133 (La.App. 3 Cir. 1980). The rights of Johnson, his surviving spouse, or his estate relative to any claim against Prudential are not before this Court.
Plaintiff's pleadings show that her claim is based upon three alternative theories *209 for recovery: 1) conversion; 2) breach of contract; and 3) unjust enrichment. If plaintiff is to recover, it must be based upon a theory of conversion, because there was no contract between plaintiff and defendants requiring overpayments to be reimbursed directly to the plaintiff. For the theory of unjust enrichment to apply, five requisites must be satisfied: 1) an enrichment, 2) an impoverishment, 3) a connection between the enrichment and impoverishment, 4) an absence of "justification" or "cause" for the enrichment or impoverishment, and 5) an absence of any other remedy at law. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967). In this instance, the plaintiff has not shown that the defendants were enriched or that she was impoverished. She has made no payment. It was Prudential who made the overpayment or erroneous payment. Ordinarily, a payment by a debtor to the wrong person does not impoverish the creditor at all because the creditor's credit is not in any way diminished by the debtor's mistaken payment. The only person who has a right of action is the one from whom the payee has unduly received it (in this case, Prudential). Louisiana and Southern Life Insurance Company v. New Orleans Steamship Association, International Longshoremen's Association (AF of L-CIO) Welfare Plan, 384 So.2d 594 (La.App. 4 Cir. 1980).
We turn now to the appellant's conversion theory for recovery. In Lincecum v. Smith, 287 So.2d 625, 627 (La.App. 3 Cir. 1973), writ refused, 290 So.2d 904 (La.1974), the Court said:
"Conversion is a distinct act of dominion wrongfully exerted over another's property in denial of or inconsistent with the owner's rights therein. Hamilton v. Travelers Indemnity Co., supra [248 So.2d 617 (La.App. 3 Cir. 1971)]; 89 C.J.S. Trover and Conversion § 1 (1955); 18 Am. Jur.2d Conversion § 1 (1965).
"In Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957), quoting from 89 C.J.S. Trover and Conversion § 3 (1955) it is stated:
"`In order to constitute a conversion there must be either some repudiation of the owner's right, or some exercise of dominion over it inconsistent with such right...'".
There is no showing that the funds "belonged" to Viola Johnson in any capacity; moreover, the record does not establish that Johnson or his estate had an ownership interest in any excess payment, or overpayment. Appellant having no ownership interest in the funds, conversion could not have taken place. We thus find no merit in appellant's argument relating to the theory of conversion.
Accordingly, for the foregoing reasons, the judgment is affirmed at appellant's costs.
AFFIRMED.