**CONTINENTAL SERVICE LIFE AND HEALTH INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**Robert GRANTHAM,**
Defendant-Appellant.

No. 86–3223.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1987.

Wood Brown, III, New Orleans, La., for defendant-appellant.

June E. Denlinger, Baton Rouge, La., Crowell & Owens, William B. Owens, Alexandria, La., Nordyke & Denlinger, Keith B. Nordyke, Baton Rouge, La., for plaintiff-appellee.

Before THORNBERRY, DAVIS and HILL, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Continental Service Life and Health Insurance Company (CSL) sued to recoup a brokerage or finder's fee it paid to appellant Grantham and the district court rendered judgment in favor of CSL. Because CSL did not establish that it made the payment to Grantham by mistake, we reverse.

## I.

Robert Grantham has worked for twenty-three years as a broker or middleman assisting his customers either to buy or sell insurance companies. In 1982, principals in Continental Key Financial Group (Continental Key) asked Grantham to assist them find and purchase an insurance company. Grantham agreed to help Continental Key

in this endeavor and Continental Key agreed to pay Grantham a fee for his services based upon the value of the insurance company ultimately acquired.

Grantham went to work and located an acquisition target, CSL. As a result of Grantham's efforts, principals of Continental Key successfully negotiated the purchase of CSL. This agreement was completed in August 1983, and approved by the Louisiana Commissioner of Insurance in September 1983. The Continental Key regime assumed control of CSL's operation in mid-August 1983.

Continental Key's agreement with Grantham required it to pay Grantham's fee on the date the sale was approved by the Louisiana Insurance Commissioner, but Continental Key was short of funds and sought to persuade Grantham to reduce his fee; Grantham ultimately agreed to a reduced fee of $200,000. On October 5, 1983, Harry P. Carie, treasurer of CSL, delivered two counterchecks to Grantham for $50,000 each in partial payment of his fee. Unknown to Grantham, these two checks were drawn on a CSL account and not on a Continental Key account.

In March 1984, approximately four months after the checks in question were issued and cashed, the former officers and directors of CSL regained control of CSL from the board appointed by Continental Key. The reinstated officers and directors of CSL soon discovered that CSL funds had been used to pay Grantham's fee and they demanded its return. Grantham refused and this diversity action followed.

Following a bench trial, the district court ruled that: (1) CSL money was used to pay Grantham $100,000; (2) negligence by CSL in making the payment does not bar its recovery; (3) Grantham was obligated under La.Civ.Code arts. 2310 and 2311 to return the money to CSL with interest from the date CSL demanded payment.

On appeal Grantham argues that: (1) CSL failed to establish that it paid Grantham by mistake and therefore the district court erred in requiring Grantham to return the payment under La.Civ.Code art. 2310; and (2) alternatively, CSL's negligence bars its recovery under article 2310. CSL filed a protective cross-appeal arguing that the district court erred in rejecting CSL's contention that Grantham's retention of the money amounted to a tortious conversion.

## II.

All parties agree that Louisiana law governs the outcome of this diversity case.

■ The district court grounded its ruling requiring Grantham to return the $100,000 payment to CSL on La.Civ.Code art. 2310:

> He who, through mistake has paid the debt of another to whom he believed himself indebted, has a claim to restitution from the creditor.
>
> This right ceases, if, in consequence of the payment, the creditor has destroyed or parted with his title; but the recourse still remains to the person paying against the true debtor.

To recover under article 2310 a plaintiff must establish: (1) the existence of a valid debt; (2) that he paid that debt; (3) that it was a debt of another person; and (4) that the payment was made by mistake. *DeVillier v. Highland Insurance Co.*, 389 So.2d 1133 (La.App. 3d Cir.1980); *New York Life Insurance Co. v. Gulf States Utilities, Co.*, 336 So.2d 320 (La.App. 1st Cir.1976). All of these elements, except the last one, were established. Grantham performed as he promised he would and was due $200,-000 for his services; the two checks in question were paid by CSL to Grantham; and the debt was owed by Continental Key, not CSL. CSL adduced no evidence, however, that it made the payment to Grantham by mistake. The evidence does not indicate that Carie or any other officer or director of CSL was unaware of the fact that the debt to Grantham was a Continental Key debt. Although the district court made no finding on this issue, the evidence points strongly toward a conclusion that Carie knew precisely whose debt CSL was paying. Carie was a member of the board

**276**

of directors of Continental Key when Grantham was hired and during the negotiations between Continental Key and CSL for the purchase of CSL; when the takeover of CSL was accomplished, Carie was appointed CSL's treasurer. Also, CSL produced no evidence that Carie drew on the CSL account by mistake or that he had no authority to draw on that account. Because CSL failed to establish an essential element of its article 2310 cause of action—that the payment to Grantham was made by mistake—CSL's recovery under the authority of that article cannot stand. *See Julien v. Wayne*, 415 So.2d 540, 543 (La. App. 1st Cir.1982).

We agree with the district court that the evidence does not support CSL's recovery under La.Civ.Code arts. 2301 or 2302. Article 2301 provides: "He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." This article does not support CSL's recovery because the money paid to Grantham *was* due him. *Johnson v. Hospital Affiliates International, Inc.*, 416 So.2d 207, 208–09 (La.App. 1st Cir.1982).

CSL fares no better under Article 2302 which provides: "He who has paid through mistake, believing himself a debtor, may reclaim what he has paid." This article has no application because, as discussed above, the evidence does not establish that CSL paid Grantham under the mistaken belief that it was the debtor. *Mathews v. Louisiana Health Service & Indemnity Co.*, 471 So.2d 1199, 1203 (La. App.3d Cir.1985).

Finally, CSL's theory of recovery predicated on tortious conversion is also unavailing. The district court did not find and the evidence does not support a finding that Grantham wrongfully took or retained the funds at issue. *Oge v. Resolute Insurance Co.*, 217 So.2d 738, 740–41 (La.App.3d Cir.1969).

REVERSED AND RENDERED.