NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-68

COLLEY DAVIS MCLENDON

VERSUS

DONNA MCLENDON, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20200044
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Candyce G. Perret, Judges.

AFFIRMED.

**Colley Davis McLendon**
**In Proper Person**
**1361 Rue Novembre**
**Scott, LA 70583**
**(214) 369-1300**

**Michael D. Bass**
**Attorney at Law**
**P. O. Box 2226**
**Lafayette, LA 70502**
**(337) 761-6556**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Donna McLendon**
    **Hebert McLendon, Jr.**

**Brennen Quibodeaux**
**In Proper Person**
**200 Bourque St.**
**Milton, LA 70558**

**Christy McLendon**
**In Proper Person**
**200 Bourque St.**
**Milton, LA 70558**

**Joshua McLendon**
**In Proper Person**
**3940 Verot School Road**
**Youngsville, LA 70592**

**Kyzar, Judge**

Plaintiff, Colley Davis McLendon, appeals the judgment of the trial court granting a peremptory exception of prescription in favor of the defendants, Herbert McLendon, Jr. and Donna McLendon, thereby dismissing Plaintiff's suit.[1] For the reasons set forth herein, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Plaintiff brought suit against his sister-in-law, Donna McLendon (Donna), regarding a piece of immovable property inherited by Plaintiff and his siblings, including Donna's husband Herbert McLendon, Jr. (Herbert). On or about January 3, 2020, Plaintiff, in proper person, filed a hand-written document that purports to be a petition. The document is largely unintelligible. On February 1, 2021, Plaintiff filed a typewritten petition, naming Donna as the sole defendant. While that pleading is also extremely difficult to parse, Plaintiff ultimately prays:

> [T]here be judgment in Plaintiff[']s favor against the Defendant, DONNA B. MCLENDON[,] for the return of his inheritance of immovable property . . . and/or a reasonable amount of damages to cover the value of the two homes destroyed on property valued at the time of $200,000 that will be proven at the trial of this matter, court costs, plus any other relief this Court may grant.

From the filings, it appears that Plaintiff sold the property involved herein to one Carlis McLendon[2] on January 13, 2005, via a cash sale deed executed before a notary public and two witnesses, with a recited consideration of $10,000.00. On the same day, Carlis sold the property back to Plaintiff in a credit sale, with a recited consideration of $15,000.00, payable in periodic installments. The filings also

---

[1] While Plaintiff/Appellant also asserts that the trial court erred in granting defendant's exception of no cause of action, the transcript of the trial court's ruling reflects only that the exception of prescription was granted.

[2] This individual is referred to as Carlis McLendon, C.D., Carlos McClendon, and Calos McClendon at various times throughout the pleadings and briefs. For purposes of this opinion, we will refer to him as Carlis.

include a notarized "Agreement to Cancel and Rescind Credit Sale" between Plaintiff and Carlis, dated June 3, 2006.

In response to the February 2021 petition, Defendant[3] filed a peremptory exception of no cause of action, or alternatively a dilatory exception of vagueness and ambiguity, which was granted on August 23, 2021, with Plaintiff being given the opportunity to file amending pleadings. Plaintiff filed a third petition to amend and supplement his previous petition, [4] and Defendant responded by filing peremptory exceptions of prescription and no cause of action and also exceptions of vagueness or ambiguity on September 7, 2021.[5] Following a hearing on November 22, 2021, the trial court rendered judgment in favor of Defendant, granting the peremptory exception of prescription, dismissing Plaintiff's suit. Plaintiff filed this appeal, assigning two errors:

> 1. [The] [t]rial court denied petitioners request to have all cases within the 15th Judicial District Court involving Hebert Jr. threatening a family member combined. Evidence in record and in transcript of hearing provides evidence of Hebert Jr. threatening to kill Colley which also contains a video. If trial court had not dismissed case based on prescription, trial court would have also heard the testimony of Colley and four other family members that defendant has threaten to take their life if this incident was reported to authorities.
>
> 2. [The] [t]rial [c]ourt dismissed petitioners claims based [on] No Cause of Action and Prescription.

## DISCUSSION

---

[3] Despite referring to "Defendants" in his pleadings, Plaintiff named only Donna B. McLendon as a defendant in his first two petitions.

[4] Plaintiff also attempted to add additional defendants in this third petition, namely Herbert McLendon, Jr., Christy and Brennon Quibodeaux, and Joshua McClendon. There is no evidence in the record that these potential defendants were served, and no answers were filed on their behalf, save Herbert who joined in his wife Donna's exceptions.

[5] The September 2021 peremptory exceptions were filed on behalf of both Donna and her husband, Herbert McClendon, Jr.

We first address Plaintiff's second assignment of error, asserting that the trial court erred in granting the exception of prescription and the exception of no cause of action. We note that the trial court orally sustained Defendants' exception of prescription, not the exception of no cause of action. Thus, Plaintiff's allegation of error as to the exception of no cause of action is not before us.

The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing on the exception. If evidence was adduced, the standard of review is manifest error but if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. In the case at hand, no evidence was introduced other than the pleadings and memorandum in support of the exception. Therefore, we look to determine if the trial court's decision was legally correct.

Defendant is Plaintiff's sister-in-law and is married to his brother, Herbert. Herbert joined in Defendant's final peremptory exceptions of prescription and no cause of action after he was named in the final petition of Plaintiff as a defendant. Plaintiff, along with Herbert, and their siblings inherited immovable property from their father, which was divided in an Act of Partition. Plaintiff sold his property acquired in the partition to Carlis McLendon via cash sale for $10,000.00 and then immediately repurchased the property via Credit Sale, for $15,000.00 payable in periodic installments, all done on January 13, 2005. This resulted in a legal mortgage on the property in favor of Carlis McLendon. Neither Donna nor Herbert was a party or witnesses to these transactions. In June 2006, an Agreement to Cancel and Rescind Credit Sale between Carlis and Plaintiff was filed of record, listing the same parcel of land from the January 2005 sale, which is notarized and bears the signatures

3

of both Plaintiff and Carlis. Donna is not a party or witness to this instrument. Herbert is listed as a witness.

After Defendant filed exceptions of no cause of action as to Plaintiff's first two petitions, Plaintiff was then given thirty days to amend and/or supplement his petition, pursuant to the provisions of La.Code Civ.P. art. 934. He complied with the ruling and filed a pleading purporting to be a petition, though styled as a "Default Judgment and Response to Defendants['] Peremption Exception". While Plaintiff's third pleading is also vague in terms of outlined complaints, he does assert what can be construed to allege fraud and conversion. In Plaintiff's third and final pleading, he describes his claims against Defendant as:

> In June of 2006, Donna, Herbert Jr. and Christy McLendon all took part and knew that they were committing theft by fraud in taking immovable and movable property owned by [Plaintiff] by breaking into [Plaintiff's] truck and allegedly taking the papers from the glovebox, committing a burglary. Donna had papers that included mistakes that Carlis and I did not fully complete. This is why I believe that Donna got the signatures on documents that are improper.

Plaintiff's complaints revolve around the lost ownership of the property inherited from his parent's estate including his plot of land from the partition with his siblings that was sold by him to Carlis McLendon. Plaintiff's claims all appear to stem from the 2005 cash sale and credit sale or alternatively from the June 3, 2006 recission of the credit sale by the Agreement to Cancel and Rescind Credit Sale between Plaintiff and Carlis McLendon. These are the only dates listed with offenses to be found in Plaintiff's petition.

Conversion is a tort consisting of wrongfully depriving a person of possession of his property. *Oge v. Resolute Ins. Co.*, 217 So.2d 738 (La.App. 3 Cir. 1969). Conversion consists of any act in derogation of a plaintiff's possessory rights, including any wrongful exercise or assumption of authority over another's goods that deprive him of possession, permanently or for an indefinite time. *Labbe v.*

4

*Premier Bank*, 618 So.2d 45 (La.App. 3 Cir. 1993). "A conversion claim is delictual and subject to a one-year prescriptive period." *Costello v. Citibank (S. Dakota), N.A.*, 45,518, p. 4 (La.App. 2 Cir. 9/29/10), 48 So.3d 1108, 1111. Claims asserted pursuant to the statute governing fraud are also delictual in nature and subject to a one-year prescriptive period. *2802 Magazine St., LLC v. Eggspressions of North America, LLC*, 19-85 (La.App. 4 Cir. 5/22/19) 274 So.3d 1279. As such, Plaintiff's causes of action against Defendant, if any exist, are subject to a one year prescriptive period.

The trial court orally sustained Defendants' exception of prescription, stating "In consideration of the law and evidence presented to this Court, I hereby sustain the exception of prescription, find this matter was not timely filed." Based on the above rationale, we find no error in that decision. The movers, Donna and Herbert here, would ordinarily bear the burden of proof on their exception of prescription. *Comeaux v. Romero*, 15-473 (La.App. 3 Cir. 12/9/15), 182 So.3d 1102. However, "if prescription is evident on the face of the petition, the burden shifts to the plaintiff to demonstrate that prescription has been suspended or interrupted." *Id.* at 1107. Here, prescription is evident on the face of the petition. Plaintiff offered no proof to counter such.

Plaintiff's claim of theft/conversion and his fraud claim related to the property both prescribed in June of 2006, as they relate to the cash and credit sale deeds, or June 2007 at the latest as relates to the cancellation of the credit sale deed, well before Plaintiff's first petition was filed herein on January 3, 2020. While Plaintiff argues that Donna acted in 2013 to change the tax notice address for the immovable property to her address as opposed to his, such was not specifically asserted via his supplemental petition, nor did he explain how this affected the tolling of prescription as to the complaints concerning the original transactions. Even if such a claim as to

5

the action in 2013 was to be considered, it would not alter the outcome of the prescription issue here, considering the initial petition was filed January 3, 2020. Further, while Plaintiff attempted to argue in the trial court, and does so here, that he was prevented from acting because of threats by Herbert, he offered no proof thereof. Accordingly, we find no legal error in the trial court's decision granting the exception of prescription.

In his first assignment of error, Plaintiff asserts that the trial court erred in denying "petitioners request to have all cases within the 15th Judicial District Court involving [Herbert] Jr. threatening a family member combined." We note that the motion referenced in this allegation was not filed into the trial court record until December 23, 2021, well after the judgment complained of was signed on November 30, 2021, notice of which was signed on December 6, 2021. Plaintiff noticed the trial court of his intention to appeal on November 22, 2021 and moved for an extension of the return date on December 16, 2021, which was signed December 23, 2021. As the case had already been decided, the motion to consolidate was untimely. Louisiana Code of Civil Procedure Article 1561(A) provides in pertinent part that "[w]hen two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial or other limited purposes after a contradictory hearing, upon a finding that common issues of fact and law predominate[.]" Further, "[a]fter a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation pursuant to Article 1561." La.Code Civ.P. art. 253.2. Clearly, this case had already been to trial and ruled on, and could not be consolidated with any

6

other case involving Plaintiff. Accordingly, Plaintiff's second assignment of error is without merit.

## DECREE

For the reasons herein, we affirm the judgment of the trial court granting the peremptory exception of prescription, dismissing Plaintiff's petition against Defendants Donna McLendon and Herbert McLendon, Jr. All costs of this appeal are assessed to Plaintiff, Colley Davis McLendon.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.