[No. B150183. Second Dist., Div. Four. Aug. 24, 2001.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**1083**

COUNSEL

Horvitz & Levy, David M. Axelrad, Daniel J. Gonzalez; Sheppard, Mullin, Richter & Hampton, Frank Falzetta and Thomas M. Brown for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, George M. Palmer, Brentford J. Ferreira and Jessica Goulden, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**VOGEL (C. S.), P. J.—**

### STATEMENT OF FACTS

On March 19, 2001, the Los Angeles County District Attorney applied to the Los Angeles County Superior Court for a search warrant authorizing the district attorney to conduct a search of the offices of the State Compensation Insurance Fund (State Fund) for "all documents pertaining to the Workers' Compensation claim filed by Larry Nign against his employer, Race-Craft." The application was supported by a sealed affidavit. The trial court issued the search warrant specifically authorizing a search for reports, memoranda, notes, letters, and correspondence generated to and from the State Fund legal files regarding Larry Nign's claim as well as a search of the offices occupied by State Fund's in-house lawyers.

On March 22, 2001, the search warrant was executed and a special master accompanied the executing officers to monitor the search as required by Penal Code section 1524, subdivision (c). The search resulted in the seizure of five boxes of documents, all of which were sealed by the special master at the direction of State Fund. State Fund filed a notice of motion for an in camera hearing to review the sealed files to identify the seized documents that are covered by the attorney-client privilege (Evid. Code, § 954) or work product doctrine (Code Civ. Proc., § 2018, subds. (a) & (b)) to prevent their disclosure. On March 29, 2001, the trial court heard State Fund's motion.

The District Attorney opposed the motion on the ground that the crime/fraud exception (Evid. Code, § 956) overrides any attorney-client privilege and that State Fund does not have standing to assert any privilege.

In support of his contentions, the district attorney argued that the sealed affidavit submitted to the trial judge in support of the application for the search warrant was sufficient to prove the crime/fraud exception to the attorney-client privilege. In addition, the district attorney filed a waiver of the attorney-client privilege by the owner of Race Craft, the insured employer of the claimant, as evidence that State Fund did not have standing to

assert the attorney-client privilege. The trial court denied State Fund's motion, stating that "the crime fraud exception overrides any attorney-client privilege" and "there is merit to the argument that [Race Craft] has waived the privilege." As a result of the trial court's order, the seized documents were unsealed for use by the district attorney in its investigation of State Fund's in-house counsel concerning possible violations of provisions of the Insurance Code and Penal Code.[1]

On May 7, 2001, State Fund filed a motion for reconsideration of the trial court's order of March 29, 2001, and renewed its request for an in camera inspection and sealing of the documents protected by the attorney-client privilege (Evid. Code, § 954) and the attorney work product doctrine. (Code Civ. Proc., § 2018, subds. (b) & (c).) State Fund informed the trial court that the district attorney was using privileged documents in questioning State Fund employees in grand jury hearings pertaining to the district attorney's investigation. State Fund contended that established law required the trial court to conduct an in camera examination of the seized documents to determine if any of them are privileged or otherwise within a protected class and, therefore, should be sealed and unavailable to the district attorney. State Fund specifically argued that the district attorney had to make a prima facie showing of the crime/fraud exception (Evid. Code, § 956) to overcome the attorney-client privilege and could not rely on the sealed affidavit used to obtain the search warrant.

When the motion for reconsideration was heard on May 9 and 10, 2001, the district attorney did not file any written opposition, but argued that the work product doctrine had not been raised by State Fund at the prior hearing and that it should not be applied because "there is no other way for the District Attorney's Office to prove mental state without qualified work product." The district attorney again argued that the sealed search warrant affidavit was a sufficient prima facie showing to apply the crime/fraud exception to trump State Fund's claim of attorney-client privilege. The trial court reconsidered its prior ruling and stated: "I realize that I do have a right to exercise . . . discretion and have an in-camera hearing. However, I don't feel that threshold has been met. My ruling stands . . . ."

On May 18, 2001, State Fund filed the present petition for writ of mandate to set aside and vacate the trial court's orders of March 29 and May 10, 2001, denying State Fund's request for an in camera review and sealing of all privileged documents seized from State Fund's premises pursuant to the

---

[1]The district attorney's investigation focused on potential violations of Insurance Code section 1871.4, subdivision (a)(1) and (2), and Penal Code section 550, subdivision (a)(1) and (2) by State Fund lawyers.

search warrant executed on March 22, 2001. On May 25, 2001, we issued an order to show cause and a temporary stay order requiring that all documents seized from State Fund's premises and sealed by the special master, and all copies thereof and in the possession of the district attorney or its agents, must be returned to the trial court and filed under seal and may not be used or disclosed in any further proceedings.[2]

## DISCUSSION

■ " 'Protecting the confidentiality of communications between attorney and client is fundamental to our legal system. The attorney-client privilege is a hallmark of our jurisprudence that furthers the public policy of ensuring " 'the right of every person to freely and fully confer and confide in one having knowledge of the law, and skilled in its practice, in order that the former may have adequate advice and a proper defense.' . . ." . . .' . . . 'It is no mere peripheral evidentiary rule, but is held vital to the effective administration of justice. . . .' . . . Permitting unfettered access to attorney-client communications . . . would violate the policies supporting the privilege as well as the statutory and ethical obligations of attorneys to maintain client confidences." (*People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 715 [107 Cal.Rptr.2d 323, 23 P.3d 563], citations omitted.) With these principles in mind, we address the matter at hand.

*Standing*

■ Because the core of this appeal involves claims by State Fund to withhold information based on the attorney-client privilege and attorney work product doctrine, we consider State Fund's standing to assert those claims. The district attorney offered the declaration of Kenneth Nign, the owner of Race Craft, to support the argument that the right to claim such privilege belonged to the insured employer.

The district attorney relies on *Hardesty v. McCord & Holdren, Inc.* (1976) 41 Cal.Comp.Cases 111 to support his contention that the insured employer may waive State Fund's attorney-client privilege. In *Hardesty*, the appeals board panel reviewed an order of the workers' compensation judge compelling the parties to provide each other with any witness statements in their

---

[2]The petitioner State Fund lodged exhibits under seal with this court that purported to be the privileged items of seized documents taken from State Fund's premises. State Fund requested by motion the exhibits be sealed. We denied that motion without prejudice to petitioner's filing a new motion with a requisite showing of compliance with California Rules of Court, rules 12.5(e) and 243.1(d). State Fund filed a new motion to seal and made an adequate showing. We then issued an order sealing the exhibits to the petition. The exhibits are identified and correlated to the relevant page numbers of State Fund's motion for reconsideration.

possession. In an extended discussion about the application of the Civil Discovery Act to workers' compensation proceedings, the panel explicitly acknowledged that the attorney-client privilege required it to modify the order under review to "exempt from disclosure any matter or communication which is privileged within the meaning of the provisions of Division 8 of the Evidence Code." (*Id.* at p. 116.) *Hardesty* lends no support to the district attorney's contention.

The client holds the attorney-client privilege. (Evid. Code, § 953, subd. (a).) "A 'client' is 'a person who, directly or through an authorized representative, consults a lawyer for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity.' . . . [¶] . ... [¶] . . . Because 'person' includes *corporations* and other *associations* (Ev.C. 175), 'such unincorporated organizations as labor unions, social clubs, and fraternal societies have a lawyer-client privilege when the organization (rather than its individual members) is the client.' " (2 Witkin, Cal. Evidence (4th ed. 2000) Witnesses, § 105, pp. 358-359, some italics omitted.) It follows that State Fund may retain lawyers to perform legal services and render advice to it without bestowing "holder" status on its insured. (See *Burum v. State Compensation Ins. Fund* (1947) 30 Cal.2d 575, 580-582 [184 P.2d 505].) The standing of State Fund to assert the attorney-client privilege and work product doctrine is well established in the provisions of Labor Code section 3762 that obligate the insurers to provide information and copies of documents to insured employers, but specifically exempt from such disclosure documents protected by the attorney-client privilege or any other applicable privilege.

We find no merit to the contention that the insured employer, Race Craft, may waive State Fund's attorney-client privilege.[3]

*Penal Code Section 1524, Subdivision (c)(2)*

In *Geilim v. Superior Court* (1991) 234 Cal.App.3d 166 [285 Cal.Rptr. 602], the petitioner's property was seized from his law office pursuant to a search warrant upon a finding of probable cause on the affidavit of an insurance fraud/staged collision investigator of the California Highway Patrol. The seized documents were sealed by the special master and the petitioner moved for return of the documents pursuant to Penal Code section 1524, subdivision (c)(2) on the grounds the attorney-client privilege and work product doctrine applied. The trial court set the motion for hearing, but

---

[3]The district attorney does not address this issue in his return and we would deem it waived in any event. We have reviewed the issue, however, because it was significant to the trial court's initial ruling and it is appropriate to clarify its misconception.

ordered all of the sealed documents to be unsealed by the People. In ruling, the trial court stated: " 'When I reviewed the search warrant affidavit in this case, it became abundantly clear to me that there was an abundance of probable cause for the warrant to issue as to each of the parties who were served.' " (*Geilim, supra,* at p. 170.) Also, the trial judge reviewed the seized files of one of the other parties and found no privilege existed and, based on that review, found that the attorney-client and work product privileges did not apply to any of the petitioner's unexamined documents.

The *Geilim* court held that, "Upon a colorable claim of privilege, the trial court cannot order the unsealing of seized documents until the validity of the claim is determined. If the only means to assess the validity of the claim requires examination of the purported privileged documents, the trial court must examine the documents in camera with only the person from whom disclosure is sought or the person authorized to claim the privilege, or both, and any other person authorized by the holder to be present. 'If the judge determines that the information is privileged, neither he nor any other person may ever disclose, without the consent of a person authorized to permit disclosure, what was disclosed in the course of the proceedings in chambers.' ([Evid. Code,] § 915, subd. (b).)" (*Geilim v. Superior Court, supra,* 234 Cal.App.3d at p. 174.)

██ State Fund made a colorable claim of attorney-client and work product privileges on March 29, 2001. Although inartfully drafted, the motion by State Fund's lawyer, who is not counsel of record for State Fund in this writ proceeding, requested an opportunity to first review the sealed documents to specifically identify the documents subject to the attorney-client privilege and attorney work product doctrine. The motion was not so ambiguous that the trial court or the district attorney was unaware of State Fund's intention to protect its privileged documents. State Fund's counsel simply proposed a commonsense approach to identify the specific documents deserving judicial consideration to determine if any privilege applied.

The district attorney contends that Penal Code section 1524, subdivision (c)(2) requires that the party claiming a privilege must request sealing of specific *items* at the time the documents are seized in order to preserve the privilege and to request an in camera hearing. He argues, "State Fund's decision to forego review of the materials both in advance of the search warrant and at the time of the [execution of the] search warrant, and to simply request they all be sealed, also rendered the next step of the process—the expedited hearing on the sealed materials called for in Penal Code section 1524—virtually meaningless. Since State Fund apparently had no idea what had been seized, it was obviously incapable of raising any

colorable claims of privilege that the People could respond to and that the court could ultimately adjudicate."

The district attorney overstates what is required. There is no legal mandate that the party must claim a privilege item by item as it is seized. Furthermore, it is not necessary that an inventory of the seized privileged documents be prepared before or at the time the warrant is executed in order to assert that the documents are within the ambit of Evidence Code section 915 and Penal Code section 1524, subdivision (c). The mere fact that State Fund's employees did not designate separate items for sealing by the special master does not preclude its claims of privilege and request for an in camera hearing. Because the warrant authorized the seizure of memoranda, notes, letters, and correspondence generated to and from the State Fund legal files and a search of the offices of State Fund's lawyers, the request that all seized documents be sealed was entirely appropriate.

The declaration of State Fund's lawyer in support of the March 29, 2001 motion requested an opportunity to review the seized documents before asserting any claims of privilege. It specifically stated State Fund had not waived its privileges to the seized documents and candidly informed the court, "State Fund is not aware of the individual items in the litigation files seized and cannot independently identify the privileged items without first reviewing the files." That admission does not support the district attorney's contention that State Fund had no idea that privileged materials had been seized and that it was incapable of raising any colorable claim of privilege.

In *PSC Geothermal Services Co. v. Superior Court* (1994) 25 Cal.App.4th 1697 [31 Cal.Rptr.2d 213], the documents of environmental consultants engaged by attorneys to assist in preparing a defense for their client's potential civil and criminal liability were seized and sealed pursuant to a search warrant. PSC filed a petition to obtain access to their seized documents. Ruling in favor of PSC, the court held: "We conclude, based on the court's duty to safeguard disclosure of privileged materials, its power to govern discovery of privileged materials and its power to control its orders so as to make them conform to law and justice, the court has the power to seal materials seized pursuant to a search warrant and, upon a claim of privilege, to conduct an in camera review of the allegedly privileged materials. Here, the materials are sealed and the next step is for petitioners to identify and object to the seizure of those documents believed to be protected and to move . . . for the return of those believed to be outside the scope of the warrant. [¶] It will be necessary for the petitioners to have access to the seized materials so that they can catalog and number the documents and determine which, if any, documents are privileged. Accordingly, the court should issue an order allowing petitioners access to the

documents. If, after examining the documents, petitioners make a motion objecting to the disclosure of certain documents on the basis the documents are covered by the attorney-client or work-product privileges, the court should then hold an in camera hearing to determine the merits of petitioners' claims of privilege as to those documents." (*Id.* at pp. 1712-1713, fns. omitted.) Where, as here, the scope of the search is focused on documents that are categorically attorney-client material, it is not unreasonable to request sealing of all documents when they are seized and to later obtain access to the documents to formulate discrete objections to inform the trial court of colorable claims of privilege in support of a request for an in camera hearing. That procedure conforms to the holding in *PSC Geothermal Services Co. v. Superior Court, supra,* 25 Cal.App.4th 1697.

"We appreciate that an in camera review of documents claimed to be privileged[] to determine the applicability of the crime/fraud exception . . . may be burdensome and time-consuming. However, the very fact that such a large quantity of material was seized increases the likelihood that privileged documents were swept up along with legally seized property. This factor does not allow a short cut to the required procedure. To rule otherwise may encourage wholesale seizure of voluminous documents rather than sharply focused searches." (*Geilim v. Superior Court, supra,* 234 Cal.App.3d 166, 177.)

*Crime/Fraud Exception*

■ In its initial ruling, the trial court found that the affidavit supporting the application for the search warrant was sufficient to invoke the crime/fraud exception to the attorney-client privilege. That ruling was error on its face. In the first place, the affidavit was sealed and State Fund was not privy to its contents. In the second place, an affidavit sufficient to support the issuance of a search warrant only requires a showing of probable cause, not the prima facie showing required to invoke the crime/fraud exception of Evidence Code section 956. "The probable cause showing for the warrant does not obviate the need for an in camera hearing on whether the privilege applies to the seized materials. . . . The procedure for obtaining a search warrant involves an ex parte presentation to the magistrate of an affidavit by the law enforcement officer seeking the warrant and requesting the magistrate to issue the warrant based on ' "the probability, and not a prima facie showing, of criminal activity . . . ." . . .' . . . [¶] By contrast, in order to establish the crime/fraud exception to the privilege, 'the party opposing the privilege must establish a prima facie case of fraud. . . . [T]he party must also establish a reasonable relationship between the fraud and the attorney-client communication. . . .' . . . It appears, therefore, that the probable

cause showing to obtain a search warrant does not satisfy the showing required to establish the crime-fraud exception to the attorney-client privilege." (*People v. Superior Court* (*Bauman & Rose*) (1995) 37 Cal.App.4th 1757, 1768-1769 [44 Cal.Rptr.2d 734], citations omitted.) Here, there was no prima facie showing to support a finding of the crime/fraud exception. The trial court's reliance on the sealed affidavit to support its finding of the crime/fraud exception was simply erroneous.

*Attorney Work Product*

 The district attorney contends that State Fund failed to assert any privilege based on the work product doctrine save by oblique and vague references. It is clear, however, that the district attorney and the trial court were aware that State Fund's litigation files had been seized and that its lawyers' offices had been searched. Those circumstances alone reveal the seized documents most probably include material fairly characterized as attorney work product documents. This conclusion is reinforced by the undisputed fact that in the course of a grand jury hearing the district attorney used seized documents to question State Fund employee, Sylvia Cruz-Moreno, and she declined to answer, asserting the attorney-client privilege and attorney work product doctrine. We are convinced that the attorney work product privilege was well within the scope of State Fund's motion for an in camera hearing.

 The attorney work product privilege is codified in Code of Civil Procedure section 2018. Its stated purpose is to preserve the rights of attorneys in the preparation of their cases and to prevent attorneys from taking advantage of the industry and creativity of opposing counsel. The attorney is the exclusive holder of the privilege. "The attorney work product rule, codified in Code of Civil Procedure section 2018 'creates for the attorney a qualified privilege against discovery of general work product and an absolute privilege against disclosure of writings containing the attorney's impressions, conclusions, opinions or legal theories.' [Citation.] The protection afforded by the privilege is not limited to writings created by a lawyer in anticipation of a lawsuit. It applies as well to writings prepared by an attorney while acting in a nonlitigation capacity." (*County of Los Angeles v. Superior Court* (2000) 82 Cal.App.4th 819, 833 [98 Cal.Rptr.2d 564].) As to documents generated by counsel for his or her own reference, only the attorney has standing to assert the qualified or absolute privilege. As applied to the present matter, it is important to recognize that the crime/fraud exception does not apply to attorney work product documents. (*BP Alaska Exploration, Inc. v. Superior Court* (1988) 199 Cal.App.3d 1240, 1249 [245 Cal.Rptr. 682].) Also, "in camera inspection is the proper procedure to

evaluate the applicability of the work product doctrine to specific documents, and categorize whether each document should be given qualified or absolute protection." (*Wellpoint Health Networks, Inc. v. Superior Court* (1997) 59 Cal.App.4th 110, 121 [68 Cal.Rptr.2d 844].)

CONCLUSION

The trial court erroneously denied State Fund's motion to examine the seized documents and hear its assertions of privilege in camera to determine if any of State Fund's documents are protected by the attorney-client privilege or work product doctrine.

DISPOSITION

The order to show cause, having served its purpose, is discharged. Let a writ of mandate issue commanding the trial court to conduct an in camera hearing in accordance with the views expressed in this opinion. The temporary stay order is to remain in effect until the remittitur issues.

Hastings, J., and Curry, J., concurred.

A petition for a rehearing was denied September 20, 2001, and the opinion was modified to read as printed above. The petition of real party in interest for review by the Supreme Court was denied December 12, 2001.