Filed 11/24/15  Nelson v. Tucker Ellis LLP CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EVAN C. NELSON,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TUCKER ELLIS LLP,<br><br>  Defendant and Appellant. | A142731<br><br>(City & County of San Francisco<br>  Super. Ct. No. CGC-13-535453) |

  Defendant Tucker Ellis LLP (Tucker Ellis) appeals from an order filed on June 6, 2014, which denied its special motion to strike the complaint as a strategic lawsuit against public participation pursuant to Code of Civil Procedure,[1] section 425.16 (hereafter also referred to as the SLAPP statute or the anti-SLAPP statute).  On appeal, Tucker Ellis contends that the superior court erred when it denied its motion.  Having reviewed the record and the briefs submitted by the parties, and for the reasons more fully explained below, we conclude, as did the superior court, that the complaint here is not a SLAPP suit.  Accordingly, we affirm.

---

[1]  All further unspecified statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

From November 2007 to November 2011, Evan C. Nelson (Nelson) was employed as an attorney at the San Francisco office of the law firm of Tucker Ellis, a Delaware limited liability partnership. Two years later, on November 13, 2013, Nelson commenced this lawsuit against Tucker Ellis, alleging causes of action of negligence, negligent and intentional interference with contract, negligent and intentional inference with prospective economic advantage, intentional invasion of privacy through public disclosure of private information, and conversion, and seeking compensatory and punitive damages, attorney fees, costs of suit, and interest as allowed by law.

The gravamen of the lawsuit is Nelson's allegations that before he left the employ of Tucker Ellis, the law firm received a subpoena requesting certain material in an unrelated lawsuit. Tucker Ellis management, including its managing partner Joe Morford and firm counsel Harry Cornett, discussed the subpoena with Nelson. Morford and Cornett only identified a few non-privileged documents as those that Tucker Ellis would produce in response to the subpoena. Nelson was not told that Tucker Ellis intended to produce his attorney work product. However, according to Nelson, Tucker Ellis later responded to the subpoena by producing both Nelson's attorney work product and other documents created by Nelson that were not responsive to the subpoena. When Nelson learned of Tucker Ellis's production of the privileged material, Nelson informed the law firm in writing that the materials were privileged, and directed that Tucker Ellis recover and sequester the material, but Tucker Ellis took no action. It was further alleged that as a consequence of Tucker Ellis's disclosures of privileged communications, Nelson's attorney work product was widely disseminated on the Internet, he was terminated from his employment at a new law firm, and he has not been able to secure adequate replacement employment of a type and quality similar to his previous employment.

---

[2] The opinion's factual portion is taken from the parties' pleadings and exhibits submitted in connection with Tucker Ellis's anti-SLAPP motion. Our decision should not be read and we express no opinion on the accuracy of the "facts" as alleged in the parties' pleadings.

Tucker Ellis filed a special motion to strike the complaint, which was opposed by Nelson. After a hearing, the superior court filed an order on June 6, 2014, denying the special motion to strike. The court found that the complaint was not subject to an anti-SLAPP motion because the allegations against Tucker Ellis did not arise out of an act in furtherance of Tucker Ellis's right to petition or free speech within the meaning of section 425.16. In so finding, the court explained: "The wrongful and injury-producing conduct alleged in the complaint is not Tucker Ellis responding to a subpoena, as argued by Tucker Ellis. Rather, the conduct giving rise to Plaintiff's claims is Tucker Ellis's failure to ensure that Plaintiff's work product would not be disseminated into the public domain. The complaint alleges that Tucker Ellis failed to assert the work product doctrine on behalf of Plaintiff, its former employee, and instead produced Plaintiff's work product, despite specifically representing that it would not do so. [Fn. omitted.] The complaint further alleges that Tucker Ellis failed to take steps to mitigate the damage, such as pursuing a protective order or requesting the return of the documents, after Plaintiff informed Tucker Ellis that his confidential work product had been produced. Thus, the gravamen of the complaint is that Tucker Ellis breached a professional and ethical duty it owed to Plaintiff to take the necessary precautions to protect Plaintiff's work product. [¶] . . . Thus, because the wrongful conduct alleged in the complaint is Tucker Ellis'[s] breach of its ethical duty to Plaintiff, the complaint does not arise from Tucker Ellis'[s] right to petition." Tucker Ellis now appeals from the June 6, 2014, order.

## DISCUSSION

Section 425.16 provides, in pertinent part, that, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (*Id.*, subd. (b)(1).)

"Consideration of a section 425.16 motion to strike involves a two-step process. 'First, the court decides whether the defendant has made a threshold showing that the

3

challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' (*Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685].)" (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 669 (*Peregrine Funding*).) "Our review is de novo on both prongs of the anti-SLAPP statute." (*Lee v. Fick* (2005) 135 Cal.App.4th 89, 95-96.)

Tucker Ellis bears "the initial burden" of demonstrating that the challenged causes of action arose from its protected activity. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 66.) "However, as our Supreme Court has observed, 'the "arising from" requirement is not always easily met. [Citations.]' ([*Ibid*.]) A cause of action does not 'arise from' protected activity simply because it is filed after protected activity took place. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76-77 [124 Cal.Rptr.2d 519, 52 P.3d 695].) Nor does the fact '[t]hat a cause of action arguably may have been triggered by protected activity' necessarily entail that it arises from such activity. (*Id*. at p. 78.) The [courts] must instead focus on the substance of plaintiff's lawsuit in analyzing the first prong of a special motion to strike. (*Scott v. Metabolife Internat., Inc.* (2004) 115 Cal.App.4th 404, 413-414 [9 Cal.Rptr.3d 242]; see *City of Cotati v. Cashman, supra*, 29 Cal.4th at p. 78.) In performing this analysis, the Supreme Court has stressed, 'the critical point is whether the . . . cause of action itself was *based on* an act in furtherance of [Tucker Ellis's] right of petition or free speech. [Citations.]' (*City of Cotati v. Cashman, supra*, 29 Cal.4th at p. 78.)" (*Peregrine Funding, supra*, 133 Cal.App.4th at pp. 669-670.) Thus, we look to the nature of the dispute to be resolved by Nelson's complaint, and analyze whether that "dispute, and not any protected activity, is 'the gravamen or principal thrust' of the action." (*Episcopal Church Cases* (2009) 45

4

Cal.4th 467, 477-478.) "If liability is not based on protected activity, the cause of action does not target the protected activity and is therefore not subject to the SLAPP statute." (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1550 (*Haight Ashbury Free Clinics*).) Against this legal back drop we now analyze Tucker Ellis's arguments.

Tucker Ellis argues the superior court erred in its ruling because it focused on Nelson's "*legal theory of liability*," rather than on the " '[a]cts taken by a defendant," and whether the "gravamen of the *acts on which liability is based* consists of protected conduct." Tucker Ellis then argues that it met its burden on the first prong of the section 425.16 analysis because all of the causes of action against it are based on its production of certain documents in response to a subpoena in an unrelated litigation, which conduct is protected under California law. We disagree.

By his lawsuit, Nelson seeks relief based on an overarching claim that Tucker Ellis breached an independent legal duty it owed to Nelson regarding the nondisclosure of his privileged attorney work product. [3] "The Legislature has protected attorney work product under California Code of Civil Procedure section 2018.030, which provides: '(a) A writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances. [¶] (b) The work product of an attorney, other than a writing described in subdivision (a), is not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice.' " (*Rico, supra,* 42 Cal.4th at p. 814, fn. omitted.) "The Legislature has declared that it is state policy to '[p]reserve the rights of attorneys to prepare cases for trial with that degree

---

[3] "In published opinions, the California courts have referred to attorney work product protection as a 'doctrine' (E.g. *Rico* [*v. Mitsubishi Motors Corp.* (2007)] 42 Cal.4th [807,] 814 [68 Cal.Rptr.3d 758, 171 P.3d 1092] [(*Rico*)]) and as a 'privilege.' (E.g. *Dowden* [*v. Superior Court* (1999)] 73 Cal.App.4th [126,] 133 [86 Cal.Rptr.2d 180].) Section 2018.080 refers to the 'work product privilege.' Whether attorney work product is protected under a 'doctrine' or a 'privilege,' it is clearly protected by statute." (*Meza v. H. Muehlstein & Co., Inc.* (2009) 176 Cal.App.4th 969, 981, fn. 4.)

of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases.' (§ 2018.020, subd. (a).)  In addition, the Legislature declared its intent to '[p]revent attorneys from taking undue advantage of their adversary's industry and efforts.' (§ 2018.020, subd. (b).)" (*Rico, supra*, at p. 814.)  "As to documents generated by counsel for his or her own reference," the qualified or absolute privilege is held by the attorney.  (*State Comp. Ins. Fund v. Superior Court* (2001) 91 Cal.App.4th 1080, 1091.) And, as pertinent to our discussion, "the custodian of materials protected by an evidentiary privilege owes a duty to the holder of the privilege to claim the privilege and to take actions necessary to ensure that the materials are not disclosed improperly.  (E.g., Evid. Code, §§ 955 [attorney], 995 [physician], 1015 [psychotherapist]; see also Bus. & Prof. Code, § 6068, subd. (e) [attorney has duty to maintain client confidences].)" (*People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 713; see also *Kirsch v. Duryea* (1978) 21 Cal.3d 303, 309 ["[a]n attorney has an obligation not only to protect his client's interests but also to respect the legitimate interests of fellow members of the bar, the judiciary, and the administration of justice"].)

Thus, contrary to Tucker Ellis's argument, the significance of the factual allegations relating to Tucker Ellis's response to a subpoena is to demonstrate that Tucker Ellis, as custodian of privileged attorney work product, breached a separate independent legal duty owed to Nelson "to take appropriate steps to protect [his interest as] . . . the privilege holder[ ] in not disclosing the materials to . . . others." (*People v. Superior Court (Laff), supra,* 25 Cal.4th at p. 713.)  "This dispute, and not any protected activity, is 'the gravamen or principal thrust' of the action.  (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 193 [6 Cal.Rptr.3d 494].)  The additional fact that protected activity [response to a subpoena] may lurk in the background – and may explain why the rift between the parties arose in the first place – does not transform [this action] into a SLAPP suit." (*Episcopal Church Cases, supra*, 45 Cal.4th at pp. 477-478; cf. *Haight Ashbury Free Clinics, supra*, 184 Cal.App.4th at p. 1550 [complaint was subject to anti-

6

SLAPP suit because allegations of protected activities, standing alone, provided an independent basis for liability for which plaintiff sought damages].)

Tucker Ellis's reliance on *Greka Integrated, Inc. v. Lowrey* (2005) 133 Cal.App.4th 1572 (*Greka Integrated*), is misplaced.  In that case, an employer sued its former employee for breach of contract and conversion, based on allegations that the former employee had signed and allegedly violated a nondisclosure agreement to keep in confidence any propriety or confidential information of the company.  (*Id.* at pp. 1575, 1579.)  Unlike *Greka Integrated*, which should be limited to its facts, Nelson is not seeking to hold Tucker Ellis liable for responding to the subpoena, but for its violation of its independent legal duty as a custodian of privileged attorney work product to take actions necessary to ensure that the materials are not disclosed improperly.  (Cf. *Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1540 [anti-SLAPP statute inapplicable to malpractice lawsuit because "the client is not suing because the attorney petitioned on his or her behalf, but because the attorney did not competently represent the client's interests while doing so"].)  Whether Nelson will be able to demonstrate that Tucker Ellis engaged in conduct for which he is entitled to relief is not before us and will be resolved in further proceedings.

We therefore conclude the superior court properly denied Tucker Ellis's special motion to strike as the complaint's causes of action do not arise from protected activity within the meaning of section 425.16.  (*Santa Monica Rent Control Bd. v. Pearl Street, LLC* (2003) 109 Cal.App.4th 1308, 1317.)  In light of our determination, we do not address whether Nelson demonstrated a probability of prevailing on his causes of action.  Because we have not considered and express no opinion on the merits of the lawsuit, Tucker Ellis is free "to challenge the lawsuit on other grounds and through other procedural means."  (*Department of Fair Employment & Housing v. 1105 Alta Loma Road Apartments, LLC* (2007) 154 Cal.App.4th 1273, 1288, fn. omitted.)

## DISPOSITION

The June 6, 2014 order is affirmed.  Plaintiff Evan C. Nelson is awarded costs on appeal.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

*Evan C. Nelson v. Tucker Ellis LLP*, A142731

8